IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | |
|---|---|
| MOTOROLA MOBILITY, INC. and GENERAL INSTRUMENT CORPORATION, <br><br> Plaintiffs, <br><br> vs. <br><br> TIVO INC., <br><br> Defendant. <br><br>——————————————— <br><br> TIVO INC., <br><br> Counterclaim Plaintiff, <br><br> vs. <br><br> MOTOROLA MOBILITY, INC., GENERAL INSTRUMENT CORPORATION, TIME WARNER CABLE INC., and TIME WARNER CABLE LLC, <br><br> Counterclaim Defendants. <br><br>——————————————— | Case No. 5:11-cv-00053-MHS-CMC <br><br><br> JURY TRIAL DEMANDED |

## DEFENDANT TIVO INC.'S 1) ANSWER TO PLAINTIFFS' COMPLAINT AND 2) AMENDED COUNTERCLAIMS

Defendant TiVo Inc. ("TiVo") hereby files this Answer and Amended Counterclaims pursuant to the Federal Rules of Civil Procedure and Steps 9 and 10 of the Court's Scheduling Order in this case (Dkt. 53).

TiVo answers the Complaint for Patent Infringement and Declaratory Relief (the "Complaint") of Plaintiffs Motorola Mobility, Inc. ("Motorola Mobility") and General Instrument

Corporation ("General Instrument") (collectively, "Motorola" or "Plaintiffs") as set forth below. Unless specifically admitted, TiVo denies each and every allegation made by Plaintiffs in the Complaint and states as follows:

## INTRODUCTION

1.      TiVo admits that the United States Patent and Trademark Office issued U.S. Patent Nos. 5,949,948 (the "'948 Patent"), 6,304,714 (the "'714 Patent") and 6,356,708 (the "'708 Patent").  TiVo admits that the '948, '714, and '708 Patents state on their face that they were assigned to Imedia Corporation.  Except as expressly admitted herein, TiVo denies each and every allegation of Paragraph 1.

2.      TiVo admits that it was founded in 1997.  TiVo admits that TiVo filed a patent application in July 1998.  TiVo admits that TiVo obtained U.S. Patent Nos. 6,233,389 (the "'389 patent") and 7,529,465 (the "'465 patent") (collectively, "the TiVo Patents"), among others. Except as expressly admitted herein, TiVo denies each and every allegation of Paragraph 2.

3.      TiVo admits that TiVo is the plaintiff in the case entitled *TiVo Inc. v. Verizon Communications Inc., et al.*, 2:09-cv-00257-JRG (E.D. Tex.) (the "Verizon Lawsuit").  TiVo admits that TiVo has accused various QIP set-top boxes of infringing certain claims of the TiVo Patents.  TiVo is without sufficient knowledge to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 3 and therefore denies the remaining allegations in said Paragraph.

4.      TiVo admits that Plaintiffs seek the relief stated in their Complaint.

## THE PARTIES

5.      On information and belief, TiVo admits that Motorola Mobility, Inc. is a Delaware corporation with a principal place of business in Libertyville, Illinois.

6.      On information and belief, TiVo admits that General Instrument Corp. is a Delaware corporation with a principal place of business in Horsham, Pennsylvania.  TiVo is without sufficient knowledge to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 6 and therefore denies the remaining allegations in said Paragraph.

7.      TiVo admits that TiVo is a Delaware corporation with a principal place of business at 2160 Gold Street, Alviso, California 95002.  TiVo admits that it can be served with process through Corporation Service Company, its registered agent in Austin, Texas.

## JURISDICTION AND VENUE

8.      TiVo admits that Plaintiffs contend jurisdiction exists under 28 U.S.C. §§ 1331, 1338(a) and under 28 U.S.C. §§ 2201 and 2202.  Except as expressly admitted herein, TiVo denies each and every allegation of Paragraph 8.

9.      TiVo admits that Plaintiffs contend that personal jurisdiction and venue are proper in this Court pursuant to 28 U.S.C. §§ 1391 and/or 1400.  TiVo admits that TiVo does business in this state and district.  TiVo admits that it has previously commenced litigation in this district related to the TiVo Patents.  Except as expressly admitted herein, TiVo denies each and every allegation of Paragraph 9.

## FACTUAL BACKGROUND

10.     TiVo admits that the '948 Patent on its face states that it was purportedly filed on November 20, 1995 and purportedly issued on September 7, 1999.  TiVo admits that the '948 Patent states on its face a title of "Method and Apparatus for Implementing Playback Features for Compressed Video Data" and states on its face that the inventors were Messrs. Krause, Shen and Tom.  TiVo further admits on information and belief that a copy of the '948 Patent is attached as Exhibit A to the Complaint.  Except as expressly admitted herein, TiVo denies each and every allegation contained in Paragraph 10.

11.     TiVo admits that the '714 patent on its face states that it was purportedly issued on October 16, 2001.  TiVo admits that the '714 Patent states on its face a title of "In-Home Digital Video Unit With Combine Archival Storage and High-Access Storage" and states on its face that the inventors were Messrs. Krause, Heller, Tom and Shen.  TiVo further admits on information and belief that a copy of the '714 Patent is attached as Exhibit B to the Complaint.  Except as expressly admitted herein, TiVo denies each and every allegation contained in Paragraph 11.

12.     TiVo admits that the '708 patent on its face states that it was purportedly issued on March 12, 2002.  TiVo admits that the '708 Patent states on its face a title of "Method and Apparatus for Implementing Playback Features for Compressed Video Data" and states on its face that the inventors were Messrs. Krause, Shen and Tom.  TiVo further admits on information and belief that a copy of the '708 Patent is attached as Exhibit C to the Complaint.  Except as expressly admitted herein, TiVo denies each and every allegation contained in Paragraph 12.

13.     TiVo admits that the '389 patent issued on May 15, 2001.  TiVo admits that TiVo owns the '389 patent.  TiVo admits that the '389 Patent is entitled "Multimedia Time Warping System" and that the inventors were Messrs. Barton, McInnis, Moskowitz, Goodman, Chow and Kao.  TiVo further admits on information and belief that a copy of the '389 Patent is attached as Exhibit D to the Complaint.

14.     TiVo admits that the '465 patent issued on May 5, 2009.  TiVo admits that TiVo owns the '465 patent.  TiVo admits that the '465 Patent is entitled "System for Time Shifting Multimedia Content Streams" and that the inventors were Messrs. Barton, McInnis, Moskowitz, Goodman, Chow and Kao.  TiVo further admits on information and belief that a copy of the '465 Patent is attached as Exhibit E to the Complaint.

15.     TiVo denies each and every allegation contained in Paragraph 15.

16.     TiVo admits that it has participated in MPEG LA as a licensee.  TiVo is without sufficient knowledge to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 16 and therefore denies the remaining allegations in said Paragraph.

17.     TiVo is without sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 17 and therefore denies each and every allegation contained in said Paragraph.

18.     TiVo is without sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 18 and therefore denies each and every allegation contained in said Paragraph.

19.     TiVo denies each and every allegation contained in Paragraph 19.

20.     TiVo admits that the '948, '714 and '708 Patents state on their face that they were purportedly originally assigned to Imedia Corporation.  TiVo is without sufficient knowledge to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 20 and therefore denies each and every remaining allegation contained in said Paragraph.

21.     TiVo admits that it was founded in 1997.  TiVo admits that TiVo develops DVR products.  TiVo admits that TiVo submitted a patent application in July 1998 entitled Multimedia Time Warping System.  TiVo admits that TiVo obtained the '389 Patent and the '465 Patent.  Except as expressly admitted herein, TiVo denies each and every allegation contained in Paragraph 21.

22.     TiVo admits the allegations contained in Paragraph 22.

23.     TiVo admits that TiVo filed a lawsuit in the U.S. District Court for the Eastern District of Texas against AT&T Inc. on or about August 26, 2009 (the "AT&T Lawsuit").  TiVo admits that, in the AT&T Lawsuit, TiVo asserted that AT&T infringed the TiVo patents.

24.     TiVo admits the allegations contained in Paragraph 24.

25.     TiVo admits that TiVo served a subpoena on Motorola, Inc. on or about August 27, 2010 seeking documents from Motorola.  TiVo admits that Motorola, Inc. served its objections to that subpoena on or about October 8, 2010.  TiVo is without sufficient knowledge to form a belief as to the truth or falsity of whether or when Motorola Mobility ceased being a subsidiary of Motorola, Inc., and therefore denies that allegation.  TiVo admits that TiVo served a subpoena on Motorola Mobility on or about January 14, 2011.  TiVo admits that Motorola Mobility served its objections and produced certain documents in February 2011.  TiVo admits that TiVo has requested production of the source code used by the DVRs manufactured or otherwise produced by Motorola for or sold to Verizon and that TiVo is in the process of meeting and conferring with Motorola Mobility.  Except as expressly admitted herein, TiVo denies each and every allegation contained in Paragraph 25.

26.     TiVo is without sufficient knowledge to form a belief as to the truth or falsity of whether or why Verizon has demanded that Motorola defend and/or indemnify it in the Verizon

Lawsuit, and therefore denies that allegation.  TiVo denies each and every remaining allegation contained in Paragraph 26.

## FIRST CAUSE OF ACTION

### (Infringement of the '714 Patent)

27.     TiVo incorporates by reference Paragraphs 1-26, inclusive, set forth above as if fully set forth herein.

28.     TiVo denies each and every allegation contained in Paragraph 28.

29.     TiVo denies each and every allegation contained in Paragraph 29.

30.     TiVo admits that in 2005 EchoStar disclosed the '714 patent as prior art in the EchoStar Litigation.  Except as expressly admitted herein, TiVo denies each and every allegation of Paragraph 30.

31.     TiVo denies each and every allegation contained in Paragraph 31.

32.     TiVo denies each and every allegation contained in Paragraph 32.

33.     TiVo denies each and every allegation contained in Paragraph 33.

34.     TiVo denies each and every allegation contained in Paragraph 34.

35.     TiVo denies each and every allegation contained in Paragraph 35.

## SECOND CAUSE OF ACTION

### (Infringement of the '948 Patent)

36.     TiVo incorporates by reference Paragraphs 1-35, inclusive, set forth above as if fully set forth herein.

37.     TiVo denies each and every allegation contained in Paragraph 37.

38.     TiVo denies each and every allegation contained in Paragraph 38.

39.     TiVo admits that in 2005 EchoStar disclosed the '948 patent as prior art in the EchoStar Litigation.  Except as expressly admitted herein, TiVo denies each and every allegation of Paragraph 39.

40.     TiVo denies each and every allegation contained in Paragraph 40.

41.     TiVo denies each and every allegation contained in Paragraph 41.

42.     TiVo denies each and every allegation contained in Paragraph 42.

43.     TiVo denies each and every allegation contained in Paragraph 43.

44.     TiVo denies each and every allegation contained in Paragraph 44.

## THIRD CAUSE OF ACTION

### (Infringement of the '708 Patent)

45.     TiVo incorporates by reference Paragraphs 1-44, inclusive, set forth above as if fully set forth herein.

46.     TiVo denies each and every allegation contained in Paragraph 46.

47.     TiVo denies each and every allegation contained in Paragraph 47.

48.     TiVo is without sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 48 and therefore denies each and every allegation contained in said Paragraph.

49.     TiVo denies each and every allegation contained in Paragraph 49.

50.     TiVo denies each and every allegation contained in Paragraph 50.

51.     TiVo denies each and every allegation contained in Paragraph 51

52.     TiVo denies each and every allegation contained in Paragraph 52.

53.     TiVo denies each and every allegation contained in Paragraph 53.

## FOURTH CAUSE OF ACTION

### (Invalidity of the '389 Patent)

54.     TiVo incorporates by reference Paragraphs 1-53, inclusive, set forth above as if fully set forth herein.

55.     TiVo denies each and every allegation contained in Paragraph 55.

56.     TiVo denies each and every allegation contained in Paragraph 56.

57.     TiVo denies each and every allegation contained in Paragraph 57.

## FIFTH CAUSE OF ACTION

### (Invalidity of the '465 Patent)

58.     TiVo incorporates by reference Paragraphs 1-57, inclusive, set forth above as if fully set forth herein.

59.     TiVo denies each and every allegation contained in Paragraph 59.

60.     TiVo denies each and every allegation contained in Paragraph 60.

61.     TiVo denies each and every allegation contained in Paragraph 61.

## SIXTH CAUSE OF ACTION

### (Non-infringement of the '389 Patent)

62.     TiVo incorporates by reference Paragraphs 1-61, inclusive, set forth above as if fully set forth herein.

63.     TiVo denies each and every allegation contained in Paragraph 63.

64.     TiVo denies each and every allegation contained in Paragraph 64.

65.     TiVo denies each and every allegation contained in Paragraph 65.

## SEVENTH CAUSE OF ACTION

### (Non-infringement of the '465 Patent)

66.     TiVo incorporates by reference Paragraphs 1-65, inclusive, set forth above as if fully set forth herein.

67.     TiVo denies each and every allegation contained in Paragraph 67.

68.     TiVo denies each and every allegation contained in Paragraph 68.

69.     TiVo denies each and every allegation contained in Paragraph 69.

## PRAYER FOR RELIEF

70.     Answering the Prayer section of the Complaint, TiVo denies that Plaintiffs are entitled to any relief in any form whatsoever from TiVo and specifically denies that Plaintiffs are entitled to any of the relief requested in said section of the Complaint (including Paragraphs A-J).

## AFFIRMATIVE AND OTHER DEFENSES

71.     TiVo asserts defenses as set forth below.  By pleading these defenses, TiVo does not in any way agree or concede that TiVo has the burden of proof or persuasion on any of these issues.  In addition to the defenses described below, TiVo expressly reserves the right to allege additional defenses and amend its Answer to Plaintiffs' Complaint as they become known through the course of discovery or otherwise.

### FIRST DEFENSE

(Failure to State a Claim)

72.     The Complaint, and each purported cause of action asserted therein, fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

(Non-Infringement of the Asserted Patents)

73.     TiVo does not infringe and has not infringed, either directly or indirectly, literally or under the doctrine of equivalents, contributed to the infringement of, or induced the infringement of any valid claim of the '714, '948, and/or '708 Patents and is not liable for infringement of the '714, '948, and/or '708 Patents.

### THIRD DEFENSE

(Invalidity of the Asserted Patents)

74.     One or more claims of the '714, '948, and/or '708 Patents are invalid for failing to comply with the patent law provisions of the United States, as codified in Title 35 of the United States Code, including without limitation, 35 U.S.C. §§ 102, 103, and/or 112.

### FOURTH DEFENSE

(Failure to Provide Notice)

75.     Plaintiffs' ability to recover for any alleged infringement is barred or limited by the failure of Plaintiffs and/or their licensees to meet the requirements of 35 U.S.C. § 287.

## FIFTH DEFENSE

(Laches/Estoppel)

76.     Plaintiffs make claims that are barred or limited by the doctrines of laches and/or estoppel.

## SIXTH DEFENSE

(Improper Venue)

77.     Venue is improper over all or several of Plaintiffs' claims because the questions of law and fact raised in said claims are duplicative of questions of law and fact in a related case presently before this Court, *TiVo Inc. v. Verizon Communications, Inc., et al.*, Case No. 2:09-cv-257-JRG.

## AMENDED COUNTERCLAIMS OF TIVO INC.

TiVo alleges as follows:

78.     TiVo incorporates by reference Paragraphs 1-77, inclusive, set forth above as if fully set forth herein.

### Jurisdiction and Venue

79.     These Counterclaims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202 *et seq*. and the Patent Laws of the United States of America, 35 U.S.C. §§ 1 *et seq*.  In TiVo's First, Second and Third Counterclaims, TiVo seeks a declaratory judgment that the '714, '948, and '708 Patents asserted against TiVo in this action are invalid and not infringed.  In TiVo's Fourth, Fifth, and Sixth Counterclaims herein, TiVo alleges that Motorola, and Time Warner Cable Inc. and Time Warner Cable LLC (collectively, "Time Warner Cable") infringe TiVo's '389 Patent, '465 Patent, and '195 Patent.

80.     This Court has subject matter jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202, including because Plaintiffs have accused TiVo of infringing the '714, '948, and '708 Patents.

- 10 -

81.     To the extent venue over Plaintiffs' claims is found to be proper, venue in this judicial district is proper over these Counterclaims pursuant to U.S.C. §§ 1391 (b) and (c), including because Motorola and Time Warner Cable have committed acts of infringement in this District.

## The Parties

82.     TiVo is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 2160 Gold Street, Alviso, California 95002.

83.     On information and belief, Motorola Mobility, Inc. is a corporation existing under the laws of the State of Delaware having a principal place of business in Libertyville, Illinois.

84.     On information and belief, General Instrument Corp. is a corporation existing under the laws of the State of Delaware having a principal place of business in Horsham, Pennsylvania.

85.     On information and belief, Time Warner Cable Inc. is a corporation existing under the laws of the State of Delaware having a principle place of business at 60 Columbus Circle, New York, NY 10023.

86.     On information and belief, Time Warner Cable LLC is a limited-liability corporation existing under the laws of the State of Delaware having a principle place of business at 60 Columbus Circle, New York, NY 10023.

## Factual Background

87.     TiVo was founded in 1997 and is a pioneer in the field of digital video recording. TiVo created the first commercially viable DVR. TiVo owns patents to protect its innovative ideas that revolutionize the way consumers access home entertainment.

88.     TiVo is the owner of the entire right, title and interest in and to U.S. Patent No. 6,233,389 ("the '389 patent"), entitled "Multimedia Time Warping System," which was duly issued on May 15, 2001. A copy of the '389 patent is attached as Exhibit A hereto.

89.     TiVo is the owner of the entire right, title and interest in and to U.S. Patent No. 7,529,465 ("the '465 patent"), entitled "System for Time Shifting Multimedia Content Streams," which was duly issued on May 5, 2009.  A copy of the '465 patent is attached as Exhibit B hereto.

90.     TiVo is the owner of the entire right, title and interest in and to U.S. Patent No. 6,792,195 ("the '195 patent"), entitled "Method And Apparatus Implementing Random Access And Time-Based Functions On A Continuous Stream Of Formatted Digital Data," which was duly issued on September 14, 2004. A copy of the '195 patent is attached as Exhibit C hereto.

91.     In addition to patenting technologies related to digital video recording devices, digital video recording device software and personal television services, TiVo competes in these markets. TiVo is a leading provider of technology and services for digital video recorders.  As of October 31, 2011, there were approximately 2 million subscriptions to the TiVo service.

92.     On information and belief, Motorola provide set-top boxes with DVR functionality, including without limitation Motorola products bearing, for example, a "QIP" designation (e.g., QIP72xx Series, QIP64xx Series, and QIP27xx Series), "DCH" designation (e.g., DCH 34xx Series and DCH64xx Series), "DCT" designation (e.g., DCT64xx Series), "DCX" designation (e.g., DCX34xx Series), and related products, among others.  These set-top boxes are provided to service providers, including without limitation Verizon Communications, Inc. and Time Warner Cable.

93.     On information and belief, Motorola has been providing set-top boxes with DVR functionality at least as early as on or around September 2005, when Verizon introduced its "FiOS TV" product in Texas.  Motorola's set-top boxes are available through Verizon's FiOS TV service in at least 9 million homes across 14 states: New York, New Jersey, California, Delaware, Texas, Florida, Maryland, Pennsylvania, Indiana, Massachusetts, Virginia, Rhode Island, Oregon and Washington.

94.     Motorola has infringed and is infringing TiVo's '389 Patent, '465 Patent, and '195 Patent.

95.     On information and belief, Time Warner Cable serves 29 states, including Alabama, Arizona, California, Colorado, Hawaii, Idaho, Illinois, Indiana, Kansas, Kentucky, Maine, Massachusetts, Michigan, Missouri, Nebraska, New Hampshire, New Jersey, New Mexico, New York, North Carolina, Ohio, Pennsylvania, South Carolina, Tennessee, Texas, Virginia, Washington, West Virginia and Wisconsin, with more than 14 million customers.

96.     Time Warner Cable provides set-top boxes with DVR functionality to its customers.  Motorola is one of Time Warner's suppliers of set-top boxes with DVR functionality. These set-top boxes include without limitation Motorola set-top boxes bearing, for example, a "DCH" designation (e.g., DCH 34xx Series and DCH64xx Series), "DCT" designation (e.g., DCT64xx Series), "DCX" designation (e.g., DCX34xx Series), and related products, among others.

97.     Time Warner Cable has infringed and is infringing TiVo's '389 Patent, '465 Patent, and '195 Patent.

98.     Plaintiffs and Counterclaim-Defendants Motorola Mobility and General Instrument Corporation (together "Motorola") allege in their Complaint that they are the sole holders of the entire right, title, and interest in the '714, '948, and '708 Patents.

99.     Motorola's Complaint expressly accused TiVo of infringing the '714, '948, and '708 Patents.  TiVo has denied each and every such allegation.

100.    As a result of Motorola's actions and statements, including the filing of the Complaint, an actual and justiciable controversy has arisen between TiVo and Motorola with regard to the validity and infringement of the '714, '948, and '708 Patents.

101.    A judicial declaration and determination is necessary and appropriate at this time given Plaintiffs' allegations and in order that TiVo may ascertain its rights and duties with respect to the '714, '948, and '708 Patents.

## FIRST COUNTERCLAIM

(Declaratory Judgment of Invalidity and Non-Infringement of

U.S. Patent No. 6,304,714)

102.     TiVo incorporates by reference the allegations set forth in Paragraphs 78-101, inclusive, set forth above as if fully set forth herein.

103.     By this Counterclaim, TiVo seeks a judicial declaration and determination that TiVo does not infringe and has not directly or indirectly infringed, either literally or under the doctrine of equivalents, contributed to the infringement of, or induced the infringement of any valid claim of the '714 Patent and is not liable for infringement of the '714 Patent.

104.     By this Counterclaim, TiVo seeks a judicial declaration and determination that one or more claims of the '714 Patent are invalid for failing to comply with the patent law provisions of the United States, as codified in Title 35 of the United States Code.

## SECOND COUNTERCLAIM

(Declaratory Judgment of Invalidity and Non-Infringement of

U.S. Patent No. 5,949,948)

105.     TiVo incorporates by reference the allegations set forth in Paragraphs 78-104, inclusive, set forth above as if fully set forth herein.

106.     By this Counterclaim, TiVo seeks a judicial declaration and determination that TiVo does not infringe and has not directly or indirectly infringed, either literally or under the doctrine of equivalents, contributed to the infringement of, or induced the infringement of any valid claim of the '948 patent and is not liable for infringement of the '948 patent.

107.     By this Counterclaim, TiVo seeks a judicial declaration and determination that one or more claims of the '948 Patent are invalid for failing to comply with the patent law provisions of the United States, as codified in Title 35 of the United States Code.

## THIRD COUNTERCLAIM

(Declaratory Judgment of Invalidity and Non-Infringement of

U.S. Patent No. 6,356,708)

108.     TiVo incorporates by reference the allegations set forth in Paragraphs 78-107, inclusive, set forth above as if fully set forth herein.

109.     By this Counterclaim, TiVo seeks a judicial declaration and determination that TiVo does not infringe and has not directly or indirectly infringed, either literally or under the doctrine of equivalents, contributed to the infringement of, or induced the infringement of any valid claim of the '708 Patent and is not liable for infringement of the '708 Patent.

110.     By this Counterclaim, TiVo seeks a judicial declaration and determination that one or more claims of the '708 patent are invalid for failing to comply with the patent law provisions of the United States, as codified in Title 35 of the United States Code.

## FOURTH COUNTERCLAIM

(Motorola's and Time Warner Cable's Infringement of

U.S. Patent No. 6,233,389)

111.     TiVo incorporates by reference the allegations set forth in Paragraphs 78-110, inclusive, set forth above as if fully set forth herein.

112.     TiVo is the owner of the entire right, title and interest in and to the '389 Patent.

113.     On information and belief, Counterclaim Defendant Motorola has infringed and is currently infringing the '389 patent, in violation of 35 U.S.C. § 271, by, among other things, making, using, offering for sale, selling, and/or importing within this judicial district and elsewhere in the United States, without license or authority, products and/or processes falling within the scope of one or more claims of the '389 patent including without limitation Motorola's set-top boxes with DVR functionality including at least set-top boxes bearing, for example, the "QIP" designation (e.g.,  QIP72xx Series, QIP64xx Series, and QIP27xx Series), "DCH" designation (e.g., DCH 34xx Series and DCH64xx Series), "DCT" designation (e.g., DCT64xx Series), "DCX" designation (e.g., DCX34xx Series), and related products.  Some of these

infringing products also are at issue in the case *TiVo Inc. v. Verizon Communications, Inc., et al.*, Case No. 2:09-cv-257-JRG.

114.    On information and belief, Counterclaim Defendant Motorola, induced and is actively inducing the infringement of the '389 patent, with knowledge of the '389 patent and knowledge that they were inducing the infringement of the '389 patent, in violation of 35 U.S.C. § 271(b), by, among other things, actively and knowingly aiding and abetting, assisting and encouraging others, including without limitation Verizon Communications, Inc., Time Warner Cable, and other customers of Motorola, as well as end users of Motorola products, to directly infringe the '389 patent with respect to the making, using, offering for sale, selling, and/or importing within this judicial district and elsewhere in the United States, without license or authority, products and/or processes falling within the scope of one or more claims of the '389 patent including without limitation Motorola's set-top boxes with DVR functionality including at least set-top boxes bearing, for example, the "QIP" designation (e.g.,  QIP72xx Series, QIP64xx Series, and QIP27xx Series), "DCH" designation (e.g., DCH 34xx Series and DCH64xx Series), "DCT" designation (e.g., DCT64xx Series), "DCX" designation (e.g., DCX34xx Series), and related products.  Some of these infringing products also are at issue in the case *TiVo Inc. v. Verizon Communications, Inc., et al*., Case No. 2:09-cv-257-JRG.

115.    On information and belief, Counterclaim Defendant Time Warner Cable has infringed and is currently infringing the '389 patent, in violation of 35 U.S.C. § 271, by, among other things, making, using, offering for sale, selling, and/or importing within this judicial district and elsewhere in the United States, without license or authority, products and/or processes falling within the scope of one or more claims of the '389 patent, including without limitation Motorola set-top boxes bearing, for example, a "DCH" designation (e.g., DCH 34xx Series and DCH64xx Series), "DCT" designation (e.g., DCT64xx Series), "DCX" designation (e.g., DCX34xx Series), and related products, among others.

116.    On information and belief, Counterclaim Defendant Time Warner Cable, induced and is actively inducing the infringement of the '389 patent, with knowledge of the '389 patent and

knowledge that it was inducing the infringement of the '389 patent, in violation of 35 U.S.C. §

271(b), by, among other things, actively and knowingly aiding and abetting, assisting and

encouraging others, including without limitation Motorola, as well as end users of Time Warner

Cable products, to directly infringe the '389 patent with respect to the making, using, offering for

sale, selling, and/or importing within this judicial district and elsewhere in the United States,

without license or authority, products and/or processes falling within the scope of one or more

claims of the '389 patent including without limitation Motorola set-top boxes bearing, for example,

a "DCH" designation (e.g., DCH 34xx Series and DCH64xx Series), "DCT" designation (e.g.,

DCT64xx Series), "DCX" designation (e.g., DCX34xx Series), and related products, among

others.

117.    On information and belief, Counterclaim Defendants Motorola and Time Warner

Cable have contributorily infringed and are currently contributorily infringing the '389 patent, in

violation of 35 U.S.C. § 271(c), by, among other things, selling, offering for sale, and/or importing

within this judicial district and elsewhere in the United States, without license or authority,

products or components of products which constitute a material part of the '389 patent, with

knowledge of the '389 patent and knowing that such products and/or components are especially

made or especially adapted for use in the infringement of the '389 patent, and not staple articles or

commodities of commerce suitable for substantial noninfringing use.

118.    On information and belief, Counterclaim Defendant Motorola has infringed and is

currently infringing the '389 patent, in violation of 35 U.S.C. § 271(f), by, among other things,

supplying or causing to be supplied in or from the United States, without license or authority,

components or products that are combined and/or used outside the United States in a manner that

falls within the scope of one or more claims of the '389 patent including without limitation

Motorola's set-top boxes with DVR functionality including at least set top boxes bearing, for

example, the "QIP" designation (e.g.,  QIP72xx Series, QIP64xx Series, and QIP27xx Series),

"DCH" designation (e.g., DCH 34xx Series and DCH64xx Series), "DCT" designation (e.g.,

DCT64xx Series), "DCX" designation (e.g., DCX34xx Series), and related products.   Some of

these infringing products also are at issue in the case *TiVo Inc. v. Verizon Communications, Inc., et al.*, Case No. 2:09-cv-257-JRG.

119.    On information and belief, Counterclaim Defendant Time Warner Cable has infringed and is currently infringing the '389 patent, in violation of 35 U.S.C. § 271(f), by, among other things, supplying or causing to be supplied in or from the United States, without license or authority, components or products that are combined and/or used outside the United States in a manner that falls within the scope of one or more claims of the '389 patent including without limitation Motorola set-top boxes bearing, for example, a "DCH" designation (e.g., DCH 34xx Series and DCH64xx Series), "DCT" designation (e.g., DCT64xx Series), "DCX" designation (e.g., DCX34xx Series), and related products, among others.

120.    On information and belief, Counterclaim Defendants Motorola's and Time Warner Cable's infringement of the '389 patent has been and continues to be willful and deliberate. Motorola and Time Warner Cable, with knowledge of the '389 patent, engaged in objectively reckless conduct when they continued selling the infringing products in the face of an objectively high risk that they were infringing TiVo's valid United States patents.

121.    As a consequence of Counterclaim Defendants Motorola's and Time Warner Cable's infringement, TiVo is entitled to recover damages adequate to compensate it for the infringement complained of herein, but in no event less than a reasonable royalty.

122.    Unless enjoined, Counterclaim Defendants Motorola and Time Warner Cable will continue to infringe the '389 patent, and TiVo will suffer irreparable injury as a direct and proximate result of Motorola's and Time Warner Cable's conduct.

123.    TiVo has been damaged by Counterclaim Defendants Motorola's and Time Warner Cable's conduct, and until an injunction issues, will continue to be damaged in an amount yet to be determined.

## FIFTH COUNTERCLAIM

(Motorola's and Time Warner Cable's Infringement of

U.S. Patent No. 7,529,465)

124.    TiVo incorporates by reference the allegations set forth in Paragraphs 78-123, inclusive, set forth above as if fully set forth herein.

125.    TiVo is the owner of the entire right, title and interest in and to the '465 Patent.

126.    On information and belief, Counterclaim Defendant Motorola has infringed and is currently infringing the '465 patent, in violation of 35 U.S.C. § 271, by, among other things, making, using, offering for sale, selling, and/or importing within this judicial district and elsewhere in the United States, without license or authority, products and/or processes falling within the scope of one or more claims of the '465 patent including without limitation Motorola's set-top boxes with DVR functionality including at least set-top boxes bearing, for example, the "QIP" designation (e.g.,  QIP72xx Series, QIP64xx Series, and QIP27xx Series), "DCH" designation (e.g., DCH 34xx Series and DCH64xx Series), "DCT" designation (e.g., DCT64xx Series), "DCX" designation (e.g., DCX34xx Series), and related products.  Some of these infringing products also are at issue in the case *TiVo Inc. v. Verizon Communications, Inc., et al.*, Case No. 2:09-cv-257-JRG.

127.    On information and belief, Counterclaim Defendant Motorola induced and is actively inducing the infringement of the '465 patent, with knowledge of the '465 patent and knowledge that it was inducing the infringement of the '465 patent, in violation of 35 U.S.C. § 271(b), by, among other things, actively and knowingly aiding and abetting, assisting and encouraging others, including without limitation Verizon Communications, Inc., Time Warner Cable, and other customers of Motorola, as well as end users of Motorola products, to directly infringe the '465 patent with respect to the making, using, offering for sale, selling, and/or importing within this judicial district and elsewhere in the United States, without license or

authority, products and/or processes falling within the scope of one or more claims of the '465 patent including without limitation Motorola's set-top boxes with DVR functionality including at least set-top boxes bearing, for example, the "QIP" designation (e.g.,  QIP72xx Series, QIP64xx Series, and QIP27xx Series), "DCH" designation (e.g., DCH 34xx Series and DCH64xx Series), "DCT" designation (e.g., DCT64xx Series), "DCX" designation (e.g., DCX34xx Series), and related products.  Some of these infringing products also are at issue in the case *TiVo Inc. v. Verizon Communications, Inc., et al.*, Case No. 2:09-cv-257-JRG.

128.    On information and belief, Counterclaim Defendant Time Warner Cable has infringed and is currently infringing the '465 patent, in violation of 35 U.S.C. § 271, by, among other things, making, using, offering for sale, selling, and/or importing within this judicial district and elsewhere in the United States, without license or authority, products and/or processes falling within the scope of one or more claims of the '465 patent including without limitation Motorola set-top boxes bearing, for example, a "DCH" designation (e.g., DCH 34xx Series and DCH64xx Series), "DCT" designation (e.g., DCT64xx Series), "DCX" designation (e.g., DCX34xx Series), and related products, among others.

129.    On information and belief, Counterclaim Defendant Time Warner Cable induced and is actively inducing the infringement of the '465 patent, with knowledge of the '465 patent and knowledge that it was inducing the infringement of the '465 patent, in violation of 35 U.S.C. § 271(b), by, among other things, actively and knowingly aiding and abetting, assisting and encouraging others, including without limitation Motorola, as well as end users of Time Warner Cable products, to directly infringe the '465 patent with respect to the making, using, offering for sale, selling, and/or importing within this judicial district and elsewhere in the United States, without license or authority, products and/or processes falling within the scope of one or more claims of the '465 patent including without limitation Time Warner Cable's set-top boxes with DVR functionality including at least set-top boxes bearing, for example, the "Motorola" designation (e.g., DCX Series, DCH Series, and DCT Series), and related products.

130.    On information and belief, Counterclaim Defendants Motorola and Time Warner Cable have contributorily infringed and are currently contributorily infringing the '465 patent, in violation of 35 U.S.C. § 271(c), by, among other things, selling, offering for sale, and/or importing within this judicial district and elsewhere in the United States, without license or authority, products or components of products which constitute a material part of the '465 patent, with knowledge of the '465 patent and knowing that such products and/or components are especially made or especially adapted for use in the infringement of the '465 patent, and not staple articles or commodities of commerce suitable for substantial noninfringing use.

131.    On information and belief, Counterclaim Defendant Motorola has infringed and is currently infringing the '465 patent, in violation of 35 U.S.C. § 271(f), by, among other things, supplying or causing to be supplied in or from the United States, without license or authority, components or products that are combined and/or used outside the United States in a manner that falls within the scope of one or more claims of the '465 patent including without limitation Motorola's set-top boxes with DVR functionality including at least set-top boxes bearing, for example, the "QIP" designation (e.g.,  QIP72xx Series, QIP64xx Series, and QIP27xx Series), "DCH" designation (e.g., DCH 34xx Series and DCH64xx Series), "DCT" designation (e.g., DCT64xx Series), "DCX" designation (e.g., DCX34xx Series), and related products.  Some of these infringing products also are at issue in the case *TiVo Inc. v. Verizon Communications, Inc., et al.*, Case No. 2:09-cv-257-JRG.

132.    On information and belief, Counterclaim Defendant Time Warner Cable has infringed and is currently infringing the '465 patent, in violation of 35 U.S.C. § 271(f), by, among other things, supplying or causing to be supplied in or from the United States, without license or authority, components or products that are combined and/or used outside the United States in a manner that falls within the scope of one or more claims of the '465 patent including without limitation Motorola set-top boxes bearing, for example, a "DCH" designation (e.g., DCH 34xx Series and DCH64xx Series), "DCT" designation (e.g., DCT64xx Series), "DCX" designation (e.g., DCX34xx Series), and related products, among others.

133.    On information and belief, Counterclaim Defendants Motorola's and Time Warner Cable's infringement of the '465 patent has been and continues to be willful and deliberate. Motorola and Time Warner Cable, with knowledge of the '465 patent, engaged in objectively reckless conduct when they continued selling the infringing products in the face of an objectively high risk that they were infringing TiVo's valid United States patents.

134.    As a consequence of Counterclaim Defendants Motorola's and Time Warner Cable's infringement, TiVo is entitled to recover damages adequate to compensate it for the infringement complained of herein, but in no event less than a reasonable royalty.

135.    Unless enjoined, Counterclaim Defendants Motorola and Time Warner Cable will continue to infringe the '465 patent, and TiVo will suffer irreparable injury as a direct and proximate result of Motorola's and Time Warner Cable's conduct.

136.    TiVo has been damaged by Counterclaim Defendants Motorola's and Time Warner Cable's conduct, and until an injunction issues, will continue to be damaged in an amount yet to be determined.

## SIXTH COUNTERCLAIM

(Motorola's and Time Warner Cable's Infringement of

U.S. Patent No. 6,792,195)

137.    TiVo incorporates by reference the allegations set forth in Paragraphs 78-136, inclusive, set forth above as if fully set forth herein.

138.    TiVo is the owner of the entire right, title and interest in and to the '195 Patent.

139.    On information and belief, Counterclaim Defendant Motorola has infringed and is currently infringing the '195 patent, in violation of 35 U.S.C. § 271, by, among other things, making, using, offering for sale, selling, and/or importing within this judicial district and elsewhere in the United States, without license or authority, products and/or processes falling within the scope of one or more claims of the '195 patent including without limitation Motorola 's set-top boxes with DVR functionality including at least set-top boxes bearing, for example, the "QIP" designation (e.g.,  QIP72xx Series, QIP64xx Series, and QIP27xx Series), "DCH"

designation (e.g., DCH 34xx Series and DCH64xx Series), "DCT" designation (e.g., DCT64xx Series), "DCX" designation (e.g., DCX34xx Series), and related products.  Some of these infringing products also are at issue in the case *TiVo Inc. v. Verizon Communications, Inc., et al.*, Case No. 2:09-cv-257-JRG.

140.    On information and belief, Counterclaim Defendant Motorola induced and is actively inducing the infringement of the '195 patent, with knowledge of the '195 patent and knowledge that it was inducing the infringement of the '195 patent, in violation of 35 U.S.C. § 271(b), by, among other things, actively and knowingly aiding and abetting, assisting and encouraging others, including without limitation Verizon Communications, Inc., Time Warner Cable, and other customers of Motorola, as well as end users of Motorola products, to directly infringe the '195 patent with respect to the making, using, offering for sale, selling, and/or importing within this judicial district and elsewhere in the United States, without license or authority, products and/or processes falling within the scope of one or more claims of the '195 patent including without limitation Motorola's set-top boxes with DVR functionality including at least set-top boxes bearing, for example, the "QIP" designation (e.g.,  QIP72xx Series, QIP64xx Series, and QIP27xx Series), "DCH" designation (e.g., DCH 34xx Series and DCH64xx Series), "DCT" designation (e.g., DCT64xx Series), "DCX" designation (e.g., DCX34xx Series), and related products.  Some of these infringing products also are at issue in the case *TiVo Inc. v. Verizon Communications, Inc., et al.*, Case No. 2:09-cv-257-JRG.

141.    On information and belief, Counterclaim Defendant Time Warner Cable has infringed and is currently infringing the '195 patent, in violation of 35 U.S.C. § 271, by, among other things, making, using, offering for sale, selling, and/or importing within this judicial district and elsewhere in the United States, without license or authority, products and/or processes falling within the scope of one or more claims of the '195 patent including without limitation Motorola set-top boxes bearing, for example, a "DCH" designation (e.g., DCH 34xx Series and DCH64xx Series), "DCT" designation (e.g., DCT64xx Series), "DCX" designation (e.g., DCX34xx Series), and related products, among others.

142. On information and belief, Counterclaim Defendant Time Warner Cable induced and is actively inducing the infringement of the '195 patent, with knowledge of the '195 patent and knowledge that it was inducing the infringement of the '195 patent, in violation of 35 U.S.C. § 271(b), by, among other things, actively and knowingly aiding and abetting, assisting and encouraging others, including without limitation Motorola, as well as end users of Time Warner Cable products, to directly infringe the '195 patent with respect to the making, using, offering for sale, selling, and/or importing within this judicial district and elsewhere in the United States, without license or authority, products and/or processes falling within the scope of one or more claims of the '195 patent including without limitation Time Warner Cable's set-top boxes with DVR functionality including at least set-top boxes bearing, for example, the "Motorola" designation (e.g., DCX Series, DCH Series, and DCT Series), and related products.

143. On information and belief, Counterclaim Defendants Motorola and Time Warner Cable have contributorily infringed and are currently contributorily infringing the '195 patent, in violation of 35 U.S.C. § 271(c), by, among other things, selling, offering for sale, and/or importing within this judicial district and elsewhere in the United States, without license or authority, products or components of products which constitute a material part of the '195 patent, with knowledge of the '195 patent and knowing that such products and/or components are especially made or especially adapted for use in the infringement of the '195 patent, and not staple articles or commodities of commerce suitable for substantial noninfringing use.

144. On information and belief, Counterclaim Defendant Motorola has infringed and is currently infringing the '195 patent, in violation of 35 U.S.C. § 271(f), by, among other things, supplying or causing to be supplied in or from the United States, without license or authority, components or products that are combined and/or used outside the United States in a manner that falls within the scope of one or more claims of the '195 patent including without limitation Motorola's set-top boxes with DVR functionality including at least set-top boxes bearing, for example, the "QIP" designation (e.g., QIP72xx Series, QIP64xx Series, and QIP27xx Series), "DCH" designation (e.g., DCH 34xx Series and DCH64xx Series), "DCT" designation (e.g.,

DCT64xx Series), "DCX" designation (e.g., DCX34xx Series), and related products.  Some of these infringing products also are at issue in the case *TiVo Inc. v. Verizon Communications, Inc., et al.*, Case No. 2:09-cv-257-JRG.

145.   On information and belief, Counterclaim Defendant Time Warner Cable has infringed and is currently infringing the '195 patent, in violation of 35 U.S.C. § 271(f), by, among other things, supplying or causing to be supplied in or from the United States, without license or authority, components or products that are combined and/or used outside the United States in a manner that falls within the scope of one or more claims of the '195 patent including without limitation Motorola set-top boxes bearing, for example, a "DCH" designation (e.g., DCH 34xx Series and DCH64xx Series), "DCT" designation (e.g., DCT64xx Series), "DCX" designation (e.g., DCX34xx Series), and related products, among others.

146.   On information and belief, Counterclaim Defendants Motorola's and Time Warner Cable's infringement of the '195 patent has been and continues to be willful and deliberate. Motorola and Time Warner Cable, with knowledge of the '195 patent, engaged in objectively reckless conduct when they continued selling the infringing products in the face of an objectively high risk that they were infringing TiVo's valid United States patents.

147.   As a consequence of Counterclaim Defendants Motorola's and Time Warner Cable's infringement, TiVo is entitled to recover damages adequate to compensate it for the infringement complained of herein, but in no event less than a reasonable royalty.

148.   Unless enjoined, Counterclaim Defendants Motorola and Time Warner Cable will continue to infringe the '195 patent, and TiVo will suffer irreparable injury as a direct and proximate result of Motorola's and Time Warner Cable's  conduct.

149.   TiVo has been damaged by Counterclaim Defendants Motorola's and Time Warner Cable's conduct, and until an injunction issues, will continue to be damaged in an amount yet to be determined.

## DEMAND FOR JURY TRIAL

TiVo demands a trial by jury on all issues triable of right by a jury raised in Plaintiffs' Complaint, TiVo's Answer, and TiVo's Counterclaims.

## PRAYER FOR RELIEF

WHEREFORE, TiVo prays for judgment against Motorola and Time Warner Cable, as follows:

A.     That the '714, '948, and '708 Patents are not infringed and are invalid.

B.     That Motorola take nothing by their claims for relief;

C.     That Motorola's claims for relief be dismissed with prejudice;

D.     That the '389 and '465 Patents are valid and enforceable.

E.     That Motorola and Time Warner Cable have directly infringed the '389, '465, and '195 Patents.

F.     That Motorola and Time Warner Cable have induced the infringement of the '389, '465, and '195 Patents.

G.     That Motorola and Time Warner Cable have contributorily infringed the '389, '465, and '195 Patents.

H.     That Motorola and Time Warner Cable and any of their affiliates, subsidiaries, officers, directors, employees, agents, representatives, licensees, successors, assigns, and all those acting for any of them and/or on any of their behalf, or acting in concert with any of them directly or indirectly, be enjoined from infringing, inducing others to infringe or contributing to the infringement of the '389, '465, and '195 Patents;

I.     That Motorola and Time Warner Cable and any of their affiliates, subsidiaries, officers, directors, employees, agents, representatives, licensees, successors, assigns, and all those acting for any of them and/or on any of their behalf, or acting in concert with any of them directly or indirectly, deliver to TiVo all products that infringe the '389, '465, and '195 for destruction at TiVo's option;

J.      That Motorola and Time Warner Cable be ordered to pay compensatory damages to TiVo, together with pre-judgment interest and post-judgment interest as allowed by law;

K.      That Motorola and Time Warner Cable be ordered to provide an accounting;

L.      That Motorola and Time Warner Cable be ordered to pay supplemental damages to TiVo, including without limitation interest;

M.      That the infringement by Motorola and Time Warner Cable be adjudged willful and that the damages be increased under 35 U.S.C. § 284 to three times the amount found or measured;

N.      That the Court enter judgment against Motorola and Time Warner Cable and in favor of TiVo in all respects;

O.      That the Court determine this is an exceptional case under 35 U.S.C. § 285 and an award of attorneys' fees and costs to TiVo is warranted in this action; and

P.      For any such other and further relief as the Court deems just and equitable.


Dated: March 26, 2012                              McKool Smith, P.C.


                                                   By: */s/ Sam Baxter*
                                                   Sam Baxter, Attorney-in-Charge
                                                   State Bar No. 01938000
                                                   sbaxter@mckoolsmith.com
                                                   McKool Smith
                                                   104 East Houston Street. Suite 300
                                                   Marshall, TX  75670
                                                   TEL: 903.923.9000
                                                   FAX: 903.923.9099

                                                   Garret W. Chambers
                                                   State Bar No. 00792160
                                                   gchambers@mckoolsmith.com
                                                   McKool Smith
                                                   300 Crescent Court, Suite 1500
                                                   Dallas TX 75201
                                                   TEL: 214.978.4016
                                                   FAX: 214.978.4044

                                                   Attorneys for Defendant TiVo Inc.

## <u>CERTIFICATE OF SERVICE</u>

     The undersigned hereby certifies that the foregoing document was served on counsel of record by electronic filing and electronic service this 26th day of March, 2012.


<u>/s Garret W. Chambers</u>