IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | |
|---|---|
| MOTOROLA MOBILITY, INC. and GENERAL INSTRUMENT CORPORATION, )<br><br>Plaintiffs,<br><br>vs.<br><br>TIVO INC.,<br><br>Defendant.<br><br>_____<br><br>TIVO INC.,<br><br>Counterclaim Plaintiff,<br><br>vs.<br><br>MOTOROLA MOBILITY, INC., GENERAL INSTRUMENT CORPORATION, TIME WARNER CABLE INC., and TIME WARNER CABLE LLC,<br><br>Counterclaim Defendants.<br>_____ | Case No. 5:11-cv-00053-JRG<br><br>JURY TRIAL DEMANDED |

**TIVO'S OPPOSITION TO TIME WARNER CABLE INC.'S AND TIME WARNER CABLE LLC'S MOTION TO DISMISS TIVO'S CLAIMS FOR PATENT INFRINGEMENT UNDER FED. R. CIV. P. 12(b)(6)**

2652982

## I.    INTRODUCTION

Shortly after the Court lifted the six-month stay of this case, and a full month before the April 2012 deadline to file amended pleadings and add parties without leave of Court, TiVo amended its Answer and Counterclaims to assert TiVo's first affirmative claims of patent infringement in this action.   TiVo asserted three of its fundamental DVR patents against Motorola Mobility, which had initiated this case against TiVo in obvious retaliation for TiVo's lawsuit against Verizon Communications, a Motorola customer.   TiVo also named Time Warner Cable Inc. and Time Warner Cable LLC (together "Time Warner"), another customer of Motorola DVRs.  Time Warner, hoping to delay its participation in this case, asked for a 30-day extension to respond to TiVo's Counterclaims.   When it did respond, instead of filing an answer, Time Warner brought a meritless Rule 12(b)(6) motion. TiVo's Counterclaims against Time Warner meet familiar pleading requirements and provide all of the factual allegations, and more, that this Court requires to state claims for direct, indirect and willful infringement.

Each of Time Warner's main pleading arguments is inconsistent with established precedent.  First, Time Warner's argument that TiVo has not alleged direct infringement is just wrong.  TiVo has alleged that Time Warner's set top boxes with DVR functionality directly infringe, providing examples of specific models.   TiVo's identification of Time Warner's infringing products not only meets but exceeds the Court's expected level of detail and precision for pleadings.

Similarly, TiVo's indirect infringement claims of inducement and contributory infringement are sufficient.  Time Warner incorrectly applies a standard of proof instead of a pleading standard.  TiVo plainly alleged Time Warner's knowledge of TiVo's patents and intent to induce infringement.  Even the cases on which Time Warner relies confirm that TiVo has alleged facts beyond what is required.  In any event, the filing of TiVo's claims itself provides a basis to allege indirect infringement at least for acts after the filing date. Time Warner next contends that direct infringers have not been plead.  But TiVo did

identify direct infringers, including Motorola and Time Warner's end users.  These same allegations were held sufficient in the very cases on which Time Warner relies.

Finally, TiVo's willfulness allegations sufficiently alleged that Time Warner continued its infringing acts in the face of an objectively high likelihood that it was infringing a valid patent, a patent which TiVo successfully enforced against others in the well-known and public EchoStar litigation.  Time Warner cites no authority casting doubt on the sufficiency of TiVo's willfulness allegations.

The Court's pleading standards are liberal and intended to allow patent infringement claims that comply with the basic elements of Federal Rule of Civil Procedure Form 18. Indeed, "not much is required to satisfy the pleading standards for patent infringement under Federal Circuit caselaw and Federal Rule of Civil Procedure Form 18." *Atwater Partners of Texas LLC v. AT&T, Inc.*, 2011 WL 1004880, at *4 (E.D. Tex. Mar. 18, 2011) (denying motion to dismiss and noting risk of sanctions for bringing frivolous motions). Nevertheless, "Rule 12(b)(6) motions are seemingly filed as a matter of course in patent infringement lawsuits."  Id.   Time Warner has filed such an "as a matter of course" motion, despite plain rulings of this Court and the Federal Circuit rejecting precisely the same arguments on which Time Warner's motion is based.

## II.     FACTUAL AND PROCEDURAL BACKGROUND

This case began as a declaratory judgment action that Motorola brought in 2011. TiVo had sued Verizon, a customer to whom Motorola supplies DVRs.  *TiVo v. Verizon Communications et. al*, Case No. 09-cv-257 (E.D. Tex.).  Rather than participate in the Verizon lawsuit, Motorola instead separately filed for a declaratory judgment against TiVo alleging that the Motorola products at issue in the Verizon action do not infringe two of the patents TiVo asserted against Verizon.  Docket # 1.  Because the Verizon case might impact this case, the Court stayed this case for six months.  Docket # 34 at 8-9.  At the time of the stay, TiVo had not yet asserted any affirmative patent claims in this action, because doing so did not make sense given that the Court might stay the proceedings, as it ended up doing.

After the stay lifted in January 2012, the Court held a status conference and entered a scheduling order setting, among other dates, April 30, 2012 as the deadline for amending pleadings and adding parties without leave of Court.  Docket # 52 at 15:15-16 (lifting stay); Docket # 53 (Scheduling Order, Steps 9-10).

On March 26, 2012, shortly after the stay lifted, and well before the April 30, 2012 deadline for adding parties and filing amended pleadings, TiVo filed its first affirmative claims of patent infringement in this case.  In addition to supplying Verizon, Motorola also supplies its DVR products to Time Warner, which provides the set-top boxes to its customers for use with Time Warner's cable television service. TiVo therefore alleged in its affirmative Counterclaims that Motorola's customer Time Warner Cable infringes TiVo's U.S. Patent Nos. 6,233,389 (the "'389 patent"), 7,529,465 (the "'465 patent"), and 6,792,195 (the "'195 patent"), three fundamental DVR patents.  Docket # 73  at ¶ 97.   TiVo specifically alleged that "Time Warner Cable provides set-top boxes with DVR functionality to its customers," which set-top boxes include the models in the "DCH," "DCT," and "DCX" series.  *Id.* at ¶ 96.  TiVo's Counterclaims specifically accuse the "DCH," "DCT," and "DCX" devices of infringing claims of all three of the TiVo patents.  *Id.* at ¶¶ 115, 128, 141.

TiVo's Counterclaims further plead that Time Warner induces the infringement by others, specifically "Motorola" and "end users of Time Warner Cable products."  *Id.* at ¶¶ 116, 129, 142.  TiVo's claim for induced infringement of the '389 patent, which tracks TiVo's other inducement claims against Time Warner under the other TiVo patents, includes allegations that Time Warner:

> "induced and is actively inducing the infringement of the '389 patent, with knowledge of the '389 patent and knowledge that it was inducing the infringement of the '389 patent, in violation of 35 U.S.C. §271(b), by, among other things, actively and knowingly aiding and abetting, assisting and encouraging others, including without limitation Motorola, as well as end users of Time Warner Cable products, to directly infringe the '389 patent…."  *Id.* at ¶ 116.  *See also id.* at ¶¶ 129, 142.

Similarly, TiVo's Counterclaims allege that Time Warner contributorily infringes. TiVo alleges that Time Warner has "contributorily infringed and [is] currently contributorily infringing" by "selling, offering for sale, and/or importing" its infringing products:

> "with knowledge of the [TiVo patents] and knowing that such products and/or components are especially made or adapted for use in the infringement of the [TiVo patents], and not staple articles or commodities of commerce suitable for substantial noninfringing use." *Id.* at ¶¶ 117, 130, 143.

Finally, the Counterclaims state that Time Warner's infringement is "willful and deliberate" and that Time Warner, with knowledge of TiVo's patents, "engaged in objectively reckless conduct" by selling the infringing products "in the face of an objectively high risk" of infringing a valid patent. *Id.* at ¶¶ 120, 133, 146.

After TiVo filed its Counterclaims, Time Warner moved for an extension of time to answer, which TiVo did not oppose as a matter of professional courtesy. Docket # 79. The extension gave Time Warner until May 17, 2012 to answer. *Id.* On the evening of May 17, 2012, Time Warner filed its motion to dismiss instead of answering. Docket # 89. Time Warner's motion also noted it may take other steps to delay, stating that it "is investigating and will likely file a motion to sever," though Time Warner does not explain when that motion might be filed. Mot. at 2 n.2. The Court should reject Time Warner's strategic maneuverings, and Time Warner's Rule 12(b)(6) motion should be denied forthwith.

## III.   TIVO HAS DULY ALLEGED CLAIMS OF DIRECT, INDIRECT, AND WILLFUL PATENT INFRINGEMENT AGAINST TIME WARNER CABLE

Time Warner's motion to dismiss recites a string of unsupported and incorrect arguments for dismissal, each of which has been attempted and rejected in other cases before this Court. Ample case law confirms that TiVo's Counterclaims duly identify Time Warner products accused of infringement to allege direct infringement; sufficiently plead the mental-state elements of indirect infringement, as well as identify direct infringers; and properly assert willfulness. The cases on which Time Warner purportedly relies either have no bearing on TiVo's Counterclaims or *support* the propriety of TiVo's allegations.

A.    **TiVo Has Sufficiently Alleged Direct Infringement Identified Time Warner's Infringing Products.**

1.    **TiVo's Counterclaims Identify Time Warner's Infringing DVR Products In More Detail Than Approved Form 18 Requires.**

Time Warner's main argument on direct infringement is that TiVo's Counterclaims do not sufficiently identify the infringing Time Warner products. This argument is without any factual or legal foundation.

As courts in this District have explained, a claim of patent infringement is sufficient if it notifies the infringer of the accused products with the level of specificity found in Form 18 of the Federal Rules of Civil Procedure. *Lodsys, LLC v. Brother Int'l Corp.*, 2012 WL 760729, at *3 (E.D. Tex. Mar. 8, 2012). In the example on Form 18, the accused products are identified as "electric motors." The Form, and the applicable cases, make clear that alleging the general category of accused devices or instrumentalities will suffice. *Id.* at *4 (patentee stated a claim akin to the "electric motors" example by identifying defendant's "computer server(s)"); *LML Patent Corp. v. Nat'l Bank of Daingerfield*, 2011 WL 1478517, at *2 (E.D. Tex Mar. 24, 2011) (dismissal precluded because "similar to the electric motor example provided in Form 18, the Amended Complaint identifies a general category of accused products and services as 'payment services.'"). As long as the pleading identifies the general category of infringing devices, there is no infirmity if the pleading also notes that the infringing products are identified "without limitation" or include "related" processes or instrumentalities. *Atwater Partners of Texas LLC v. AT&T, Inc.*, 2011 WL 1004880, at *3 (E.D. Tex. Mar. 18, 2011) (rejecting motion to dismiss; complaint accused "at least" certain products "without limitation"); *FotoMedia Techs., LLC v. AOL, Inc.*, 2008 WL 4135906, at *1-2 (E.D. Tex. Aug. 29, 2008) (adequate complaint named categories of infringing services, as well as "related services").

TiVo's allegations identifying the direct infringement are entirely consistent with, and exceed, that approved by Form 18 and this Court's precedent. TiVo alleges infringement against Time Warner's "set-top boxes with DVR functionality." Am. Compl. at ¶ 96. Moreover, TiVo's Counterclaims name *specific* infringing models of which TiVo is aware at

this time, the Time Warner DVR products including the "DCH," "DCT," and "DCX" series, Am. Compl. at ¶¶ 115, 128, 141.  This enumeration goes beyond the Court's minimum pleading standard.  *See* Am. Compl. at ¶¶ 115, 128, 141.

Time Warner also makes the incorrect argument that a complaint may not contain the additional language that the accused set-top boxes with DVR functionality include "without limitation … related products, among others."  Mot. at 9-10.  The Court rejected this argument in *Atwater Partners*, where the complaint identified "one exemplar" product "without limitation."  *Atwater Partners*, 2011 WL 1004880, at *2-3.  "By naming at least one product, the complaint pleads *more than what is required* under the law."  *Id.* (emphasis added).  TiVo's Counterclaims clearly identify the general category as "set-top boxes with DVR functionality," and only when listing the *specific* models does TiVo note that its list is nonexclusive.[1]  TiVo's identification of Time Warner's infringing products not only meets the pleading requirements of Form 18 but exceeds them.

## 2. TiVo Identified Time Warner Products That Infringe TiVo's Method Claims.

Time Warner next argues that because TiVo has accused Time Warner's *products* of infringing the TiVo patents, this is somehow inadequate to allege infringement of any *method* claims in the TiVo patents.  Mot. at 7-8.  There is no basis for Time Warner's categorical statement that "identifying products is not sufficient to establish infringement of a process."  Mot. at 8.  On the contrary, this Court has specifically recognized that naming products is a sufficient basis for alleging infringement of a patent containing method or process claims, where the product is accused of practicing the asserted method or process. *E.g.*, *WiAV Networks, LLC v. 3com Corp.*, 2009 WL 6048922, at *3 (E.D. Tex. Dec. 15, 2009) (complaint adequately asserted method claims by naming defendant's products).  This

---

[1] Time Warner also incorrectly describes the decision in *Round Rock Research LLC v. Oracle Corp.*, Civil Action No. 11-332 (E.D. Tex. Oct. 25, 2011).  That case involved very different open-ended allegations.  There, the court found the overarching allegation of infringement against infringing "systems" insufficient, but found allegations against "servers implementing a remote monitoring system" adequate.

Court's Patent Local Rules also expressly authorize a patentee to accuse a product of infringing a method patent.  P.R. 3-1(b) provides that "[e]ach method or process must be identified by name, if known, *or by any product, device, or apparatus* which, when used, allegedly results in the practice of the claimed method or process" (emphasis added).  Given that P.R. 3-1's disclosure requirements are much more demanding than the pleading standards of *Twombly* and *Iqbal*, it would be absurd for an identification of a product that is adequate under P.R. 3-1 could somehow be deficient under the more liberal and relaxed rules of pleading.

Time Warner bases its argument on an incorrect reading and application of *Prestige Pet Prods., Inc. v. Pingyang Huaxing Leather & Plastic Co. Ltd.*, 767 F. Supp. 2d 806 (E.D. Mich. 2011).  In that case, the plaintiff asserted method claims but did not identify any activity or instrumentality that allegedly practiced the claimed methods.  *Id.* at 810.  Instead, the complaint named only the defendant's products that were allegedly the *result* of the claimed methods.  *Id.  Prestige Pet* has no relevance to TiVo's Counterclaims, which straightforwardly state that the accused Time Warner products and their use by end users *infringe* the claims of TiVo's patents, whether method or apparatus.  *See* Am. Compl. at ¶¶ 115, 128, 141.[2]  Because TiVo alleges that Time Warner's accused devices practice claims of TiVo's patents—including, necessarily, the method claims—TiVo's allegations of infringement of such claims are more than sufficient.

### B. TiVo Has Duly Alleged Indirect Infringement.

---

[2] Time Warner also inserts citations to *Cardiac Pacemakers, Inc. v. St. Jude Med., Inc.*, 576 F.3d 1348 (Fed. Cir. 2009) and *Muniauction, Inc. v. Thomson Corp.*, 532 F.3d 1318 (Fed. Cir. 2008).  Neither of those cases, however, contains any suggestion that a device cannot be alleged to infringe a method claim.  Time Warner does correctly state that in *Cardiac Pacemakers* the Federal Circuit stated that method patent claims are not covered by 35 U.S.C. § 271(f).  But whether the individual claims in TiVo's asserted patents are affected by the holding in *Cardiac Pacemakers* is not a pleading issue, but rather a future issue relating to TiVo's specific Infringement Contentions under Patent Local Rule 3-1.  *See Atwater Partners*, 2011 WL 1004880, at *3 (inquiry into adequacy of individual claims deferred until patentee serves P.R. 3-1 contentions).

Time Warner's challenge to TiVo's indirect infringement claims is similarly without merit.  In concocting an argument that TiVo has not adequately plead the knowledge and intent elements of indirect infringement, Time Warner improperly conflates the *standard of proof* of indirect infringement with the obviously more liberal *pleading* standards of the Federal Rules of Civil Procedure.  Mot. at 10.  In addition, Time Warner erroneously contends that TiVo's clear identification of direct infringers—including Motorola and Time Warner's end users—is somehow insufficient to plead indirect infringement.  Mot. at 11-12.  There is no issue with the completeness of TiVo's indirect infringement allegations.

### 1.    TiVo Has Sufficiently Pled Knowledge and Intent.

TiVo's Counterclaims quite clearly allege that Time Warner induces direct infringement of its patents "with knowledge" of TiVo's patents and with "knowledge that it was inducing the infringement" by "actively and knowingly aiding and abetting, assisting and encouraging others . . . to directly infringe" the patents.  Am. Compl. at ¶¶ 116, 129, 142.  Similar challenges to similar allegations have been rejected in this Court.

For example, in *Intravisual, Inc. v. Fujitsu Microelecs. Am. Inc.*, 2011 WL 1004873, at *5-6 (E.D. Tex. Mar. 18, 2011), the defendant argued that the complaint failed to state the knowledge element, even though the complaint had alleged that the defendant acted with knowledge.  The court disagreed, stating that:

> "'neither the patent infringement pleading form nor the holdings from the Federal Circuit require the pleading of each individual element of a claim for indirect infringement.' *Fotomedia Techs., LLC v. AOL, LLC*, No. 2:07-cv-255, 2008 WL 4135906, at *2 (E.D. Tex., Aug. 29, 2008).  This Court has held that so long as a complaint complies with Form 18 . . . its claims for direct and indirect infringement will survive a motion to dismiss." *Id.* at *5.

The Court reached the same conclusion in *Lodsys, LLC v. Brother Int'l Corp.*, 2012 WL 760729, at *2 (E.D. Tex. Mar. 8, 2012), where the complaint identified the defendants, the infringing activity, and the infringing instrumentalities, and hence "pleads sufficient facts to state a plausible claim for indirect infringement."  TiVo's Counterclaims thus exceed the Court's standard by pleading not only that Time Warner had knowledge of the asserted

patents but also that Time Warner knew that it was inducing infringement through aid and encouragement.

Time Warner also suggests that TiVo has not adequately alleged Time Warner's "specific intent" to induce, Mot. at 10, but some courts have concluded that a patent infringement complaint is not even required to allege specific intent element of inducement to state a claim as a matter of pleading.  *See also WesternGeco L.L.C. v. Ion Geophysical Corp.*, 776 F. Supp. 2d 342, 362-63 (S.D. Tex. 2011) (pleading of knowledge of patents and inducement of direct infringement were adequate to state a claim of inducement; "[t]his analysis is consistent with those of other courts, which *have not required specific intent to induce infringement to be pleaded in the complaint*.") (citing cases) (emphasis added).  In any event, TiVo's Counterclaims actually do plead that Time Warner acted with specific intent by alleging that Time Warner supplied set-top boxes with DVR functionality to its end users, that it did so with "knowledge that it was inducing" infringement, and that Time Warner was "actively and knowingly aiding and abetting, assisting and encouraging" the infringement, willfully and deliberately.  Am. Compl. at ¶¶ 96, 116, 120, 129, 133, 142, 146.

Time Warner's reliance on *Aguirre v. Powerchute Sports, LLC*, 2011 WL 3359554 (W.D. Tex. Aug. 4, 2011) is entirely misplaced.  In that case, the complaint failed to mention any knowledge element in its indirect infringement claim, and failed to allege any facts that could support an inference that the required knowledge could ever be pled.  *Id.* at *5.  TiVo, in contrast, explicitly pled facts to support the knowledge and intent elements of inducement.  Moreover, TiVo's allegations of indirect infringement are indisputably sufficient at least with regard to post-lawsuit activity.  It is well-recognized that the filing of a lawsuit provides knowledge of the patents-in-suit and provides a sufficient basis to allege the knowledge and intent necessary to sustain allegations of indirect infringement.  *Monolithic Power Sys., Inc. v. 02 Micro Int'l Ltd.,* 476 F. Supp. 2d 1143, 1158 (N.D. Cal. 2007) (The defendant "may be liable for conduct occurring after [the complaint was

served]" even though "[the plaintiff] does not proffer evidence that [the defendant] had actual knowledge of the patents and potential infringement prior to being served.").

### 2.    TiVo Has Sufficiently Alleged Contributory Infringement.

TiVo also alleged that Time Warner contributed to others' infringement by acting with "knowledge of the" infringed patents and "knowing that [Time Warner] products and/or components are especially made or adapted for use in the infringement" of the patents and are not "staple articles or commodities" capable of substantial non-infringing uses. Am. Compl. at ¶¶ 117, 130, 143.  This pleading is more than adequate to state a claim for contributory infringement.  *See FotoMedia Techs.*, 2008 WL 4135906, at *2 (denying motion to dismiss indirect infringement claims where complaint simply alleged contributory infringement, identified the asserted patent, and generally identified the infringing instrumentality and activity); *Intravisual Inc.*, 2011 WL 1004873, at *5 (denying motion to dismiss contributory infringement claims where complaint generally pled defendant's knowledge that its products were "especially adapted to infringe the patent and had no substantial non-infringing use").   Nowhere in the case law is there support for Time Warner's notion that TiVo must plead additional facts proving Time Warner's level of knowledge—that is a discussion of the merits that Time Warner inappropriately injects into its motion to dismiss, which must be denied.

### 3.    TiVo Has Sufficiently Identified Direct Infringers.

Time Warner also argues that TiVo's pleading does not adequately identify alleged direct infringers.  Mot. at 11-12.  Time Warner is incorrect.  Indeed, the one case on which Time Warner relies *expressly endorses* pleadings such as TiVo's.

TiVo's Counterclaims specifically identify Motorola and "end users of Time Warner products" as direct infringers.  Am. Compl. at ¶¶ 116, 129, 142.  Such pleading meets well-established standards.  As this Court has explained, the complaint must "at least generally" or "at least generically" identify the alleged direct infringer, for the purpose of an indirect infringement claim.  *Lodsys, LLC*, 2012 WL 760729, at *3; *MobileMedia Ideas LLC v. HTC*

*Corp.*, 2011 WL 4347037, at *3 (E.D. Tex. Sept. 15, 2011).  Direct infringers are properly identified where, for example, the complaint alleges that the defendant's "intermediaries and/or clients" infringe the asserted patents, *Lodsys LLC*, 2012 WL 760729, at *3, or where the complaint identifies the defendant's "customers" as infringers, *MobileMedia Ideas*, 2011 WL 4347037, at *3.  TiVo's naming of both Motorola specifically, and Time Warner's end users generally, comfortably pleads the identity of the direct infringer for purposes of stating a claim.

The one case on which Time Warner relies also confirms that TiVo's naming of "end users" is sufficient.  In *Clear with Computers, LLC v. Bergdorf Goodman, Inc.*, 2010 WL 315888 (E.D. Tex. Mar. 29, 2010), the court noted that some opinions of this Court were more lenient than others in requiring the naming of a direct infringer.  *Id.* at *4.  As its example of the *stringent* approach, the court cited *PA Advisors v. Google Inc.*, 2008 WL 4136426, at *8 (E.D. Tex. Aug. 8, 2008) and described the opinion as "granting a motion for more definite statement requiring the plaintiff to *at least generically identify the end user*[.]").  Thus, TiVo's pleading satisfies even this Court's least forgiving application of the pleading standards for indirect infringement.

### C.     TiVo Has Duly Alleged Willfulness.

Time Warner's final argument is an unsupported challenge to TiVo's allegations of willfulness.  TiVo has alleged in its Counterclaims that Time Warner's infringement is "willful and deliberate" and that Time Warner "engaged in objectively reckless conduct" by selling infringing products.  Am. Compl. at ¶120, 133, 146.  Although Time Warner argues more detailed facts are needed under *In re Seagate Tech. LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007), this Court has resoundingly rejected this argument.

In *MobileMedia*, for example, the court rejected a motion to dismiss a willfulness claim, holding that:

> "to the extent [Defendant] is arguing that *In re Seagate* sets forth the pleading requirements for willful infringement, the Court agrees with the Northern District of California court that stated that *In re Seagate* only 'addresses the 'evidence'

necessary 'to establish' willful infringement, not the prerequisites for pleading willful infringement, let alone that anything more than a good faith allegation of willfulness is required.'" *MobileMedia Ideas*, 2011 WL 4347037, at *2 (quoting *Advanced Analogic Techs., Inc. v. Kinetic Techs., Inc.*, 2009 WL 1974602, at *2 (N.D. Cal. Jul. 8, 2009)).

Thus, TiVo's good-faith allegation of willful and deliberate infringement is appropriate.

The court in *FotoMedia Technologies* reached the same result, where the complaint pled willful infringement but did "not detail how the defendants [were] alleged to have willfully infringed the patents-in-suit." *FotoMedia Techs.*, 2008 WL 4135906, at *2. The allegation of willfulness was sufficient as a matter of pleading.   As the court stated:

"[a]lthough the defendants cite [*Twombly*] to suggest that a plaintiff must plead specific facts to support the elements of a[] . . . willful infringement charge, the Federal Circuit recently considered the issue, albeit in the context of a *pro se* plaintiff, and rejected the argument that [*Twombly*] changed the pleading requirements of Rule 8(a) in patent infringement cases." *Id.* at *1 (citing *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1357 n.4 (Fed. Cir. 2007)).

## III.   CONCLUSION

TiVo's pleadings are consistent with FED. R. CIV. P. Form 18 and the well-recognized standards of pleading.   Time Warner's Rule 12(b)(6) motion is without merit and obviously interposed for purposes of delay.   The Court should deny Time Warner's motion to dismiss.

Dated:  June 1, 2012                                    Respectfully submitted,

                                                        */s/ Richard M. Birnholz*
                                                        Richard M. Birnholz

                                                        Sam Baxter, Attorney-in-Charge
                                                        State Bar No. 01938000
                                                        sbaxter@mckoolsmith.com
                                                        Garret W. Chambers
                                                        State Bar No. 00792160
                                                        gchambers@mckoolsmith.com
                                                        McKool Smith
                                                        300 Crescent Court, Suite 1500
                                                        Dallas, Texas 75201
                                                        TEL: 214.978.4016
                                                        FAX: 214.978.4044

IRELL & MANELLA LLP
Morgan Chu (*Pro Hac Vice*)
mchu@irell.com
Andrei Iancu (*Pro Hac Vice*)
aiancu@irell.com
Richard M. Birnholz (*Pro Hac Vice*)
rbirnholz@irell.com
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
Telephone:(310) 277-1010
Facsimile:(310) 203-7199

Attorneys for Defendant and
Counterclaim Plaintiff TiVo Inc.


## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this 1st day of June, 2012.

*/s/ Richard M. Birnholz*
Richard M. Birnholz