# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| MOTOROLA MOBILITY, INC. and GENERAL INSTRUMENT CORPORATION, | )<br>)<br>) |
| | ) Case No. 5:11-cv-053-JRG |
| Plaintiffs, | )<br>) |
| | ) JURY TRIAL DEMANDED |
| vs. | )<br>) |
| TIVO INC., | )<br>) |
| Defendant. | )<br>) |
| _____ | ) |
| | ) |
| TIVO INC., | )<br>) |
| Counterclaim Plaintiff, | )<br>) |
| vs. | )<br>) |
| MOTOROLA MOBILITY, INC., GENERAL INSTRUMENT CORPORATION, TIME WARNER CABLE INC., and TIME WARNER CABLE LLC, | )<br>)<br>)<br>)<br>) |
| Counterclaim Defendants. | )<br>) |
| _____ | ) |

**TIVO'S MOTION TO CONSOLIDATE CASES FOR PRETRIAL PURPOSES AND REQUEST FOR A JOINT STATUS CONFERENCE**

Plaintiff TiVo Inc. ("TiVo") hereby moves pursuant to Federal Rule of Civil Procedure 42(a) to consolidate this case with *TiVo Inc. v. Cisco Systems, Inc., Time Warner Cable Inc., and Time Warner Cable LLC*, Case No. 2:12-CV-311-JRG (the "Cisco case") for pretrial purposes. Judicial efficiency will be well served by consolidation of the cases which will prevent duplicative *Markman* hearings, depositions, document discovery and other

2700589

pretrial proceedings. TiVo also requests that this Court schedule a joint status conference in this matter and the Cisco case to address TiVo's scheduling proposals.

## I.  INTRODUCTION

Last month, in its order denying Cisco's motion to transfer this action to California, this Court stated that one reason it decided to keep the Cisco case was to "avoid duplicative actions, depositions, and discovery." Dkt. 27, at 2. By keeping the Cisco case, the Court reasoned that it "will be able to coordinate common schedules appropriately to address streamlined disputes shared in all of these related cases [*e.g.*, the Motorola case]." *Id.* TiVo asks that the Court now do so by consolidating this action with the Cisco case for pretrial purposes. Consolidation of the two cases for pretrial purposes will save the time and resources of this Court and lead to a more orderly resolution of the parties' dispute.

The overlap in the two cases is notable. Three of the four TiVo patents-in-suit in the Cisco case are also at issue in this case. The claim construction and validity issues for these patents will be practically *identical* in both cases—if the cases are not consolidated, this Court will have to adjudicate these issues twice. Both cases involve TiVo's fundamental DVR technology and will raise very similar infringement and damages issues. Overlapping defendants, Time Warner Cable Inc. and Time Warner Cable LLC (collectively "Time Warner Cable"), are accused of infringing the same patents in both cases, guaranteeing that the identical Time Warner Cable executives and technologists will need to testify in both cases. TiVo is the plaintiff (or counterclaim plaintiff) asserting the same patents in both cases, guaranteeing that the opposing parties in both cases will seek depositions of the same TiVo executives. Moreover, the defendants in both cases will doubtless try to depose the same inventors of the TiVo patents—all of whom are non-parties. It would be wasteful and

inefficient to separately litigate these two cases when so much of the pretrial proceedings will overlap.

By way of one significant example, there is no reason whatsoever for this Court to hold two separate *Markman* hearings on the same claim construction issues for the same TiVo patents. This Court has consolidated *Markman* proceedings before when several different cases involving the same patents were pending before the Court. *See Portal Techs. LLC v. Yahoo! Inc.*, Case No. 2:11-cv-440-JRG, 2012 U.S. Dist. LEXIS 110495, at *12-13 (E.D. Tex. Aug. 7, 2012) (Gilstrap, J.). Judge Folsom did the same thing, holding consolidated *Markman* hearings on the TiVo patents in two separate cases: the *Verizon* case (Case No. 2:09-cv-257-JRG) and the now-settled *AT&T* case (Case No. 2:09-CV-259-DF). Such consolidation makes good sense here.

Nor is there any reason for the same non-party (*e.g.*, the inventors) and party (*e.g.*, Time Warner Cable and TiVo executives and technologists) witnesses to sit for depositions twice. Nor should the Court have to deal with duplicative discovery disputes that may arise in both cases. Yet all this will happen too if the Court does not consolidate the cases for pretrial purposes.

Consolidation requires some adjustment of the schedule in both cases: specifically, continuing the claim construction and discovery cut-off in the current case by approximately six months, and advancing the same dates in the Cisco action by two to three months. Any inconvenience experienced as a result of consolidation would be substantially outweighed by the considerable reduction of effort and cost. It makes sense for the Court and for everyone involved to treat these closely related and overlapping lawsuits as a single case for pretrial purposes.

## II. STATEMENT OF FACTS

### A. The Parties

TiVo is a pioneer in DVRs and provides DVRs and other services to consumers in the United States and abroad. TiVo owns fundamental patents on DVR technology, including U.S. Patents Numbers 6,233,389 (the '389 patent); 7,529,465 (the '465 patent); 7,493,015 (the '015 patent); and 6,792,195 (the '195 patent). Motorola Mobility, Inc. ("Motorola") and Cisco Systems, Inc. ("Cisco") are set-top box suppliers that include infringing DVR functionality in their devices. Both Motorola and Cisco provide set-top boxes with that functionality to other companies, including but not limited to television service providers like Time Warner Cable and Verizon.

### B. The Present Case

The present case involves TiVo's claims against Motorola and Time Warner for infringement of the '389, '465, and '195 patents—three of the patents that are the subject of the Cisco case—with respect to the use and sale of Motorola DVRs deployed to Time Warner Cable television customers. On February 25, 2011, in response to TiVo's suit against Verizon (one of Motorola's DVR customers), Motorola filed a declaratory judgment action here seeking a declaration of non-infringement regarding the '389 and '465 patents. Dkt. #1 (Complaint). Motorola also asserted additional claims on its own patents. On March 26, 2012, before the deadline to amend pleadings and add parties without leave, TiVo filed amended counterclaims alleging that Motorola infringed TiVo's '389 Time Warp patent and '465 Multi-Room patent, as well as TiVo's '195 "Trickplay" patent. Dkt. #73 (Answer and Amended Counterclaims). TiVo also named Time Warner Cable, a cable television service provider which deploys to its customers DVRs supplied by Motorola, as well as Cisco. *Id.*

On June 20, 2012, Time Warner Cable moved to sever and stay TiVo's claims against it. Dkt. #110. On July 17, the Court entered an Amended Docket Control Order scheduling a claim construction hearing for November 27, 2012, the close of fact discovery for December 31, 2012, and trial for May 6, 2013. Dkt. #127 (Amended Scheduling Order). On July 18, 2012, the Court granted-in-part Time Warner Cable's motion and severed "the Cisco-related claims against TWC" and consolidated them into the Cisco action. Dkt. #129, at 4. The Court then added Time Warner Cable to the Cisco case. Cisco case, Dkt. Entry dated July 18, 2012 ("Time Warner Cable will be added as a party to this case per law clerk.").

### C.   TiVo's Case Against Verizon

TiVo's case against Verizon has been pending since August 2009 and is scheduled to begin trial on October 8, 2012. *TiVo Inc. v. Verizon Communications, Inc., et al.,* Case No. 2:09-cv-257-DF ("Verizon case"), Dkt. #1 (Complaint); Dkt. #349 (Amended Scheduling Order). TiVo contends that Verizon infringes TiVo's '389, '465, and '015 patents with respect to the use and sale of DVRs deployed to Verizon FiOS television customers. Verizon case, Dkt. #1, at ¶ 14 (Complaint). The Court issued a claim construction Order construing claims of the asserted patents on March 12, 2012. Verizon case, Dkt. #268. Because the Verizon case is ready for trial (expert and fact discovery have closed, claim construction is complete, and the Court has conducted the initial pretrial conference), TiVo respectfully submits that there are few, if any, efficiencies to be gained by consolidating either the present case or the Cisco case with the Verizon case. It should be allowed to proceed promptly to trial.

The products accused in the Verizon case include DVRs supplied to Verizon from Motorola. In discovery, Verizon identified a Cisco DVR by name and model number as a

DVR "made, had made, offered for sale, sold, used, imported, or exported" by Verizon. On July 11, 2011, TiVo moved to amend its infringement contentions to identify the Cisco DVRs as an accused product. Verizon case, Dkt. #195. On June 5, 2012, the Court granted the motion. Verizon case, Dkt. #297. On July 9, 2012, the Court rescinded the Order having determined that the Cisco case was a better avenue for addressing Verizon's sale of Cisco boxes. *See* Verizon case, Dkt. #339, at 3. TiVo has until September 26, 2012 to add Verizon to the Cisco case. Cisco case, Dkt. #21, at 2.

### D. The Origins of the Cisco Case

On May 30, 2012, Cisco filed a "defensive" declaratory judgment suit against TiVo in the Northern District of California seeking a judgment of non-infringement and invalidity of TiVo's '389, '465, '015 and '195 patents. *See* Cisco case, Dkt. #27, at 2 (describing procedural history). On June 4, 2012, given this Court's extensive experience with the issues, to ensure that claims involving Cisco DVRs would be litigated before this Court (and not in a separate proceeding before a court unfamiliar with the issues), TiVo filed an infringement action against Cisco. Cisco case, Dkt. #1. TiVo asserted affirmative claims under the same four TiVo patents at issue in Cisco's declaratory relief suit in California. *Id.*

On June 21, 2012, TiVo filed a motion in the Northern District of California to transfer Cisco's declaratory relief lawsuit here, where Cisco should have filed it in the first place. *See* Cisco case, Dkt. #27, at 2. On June 21, Cisco brought a corresponding motion before this Court to transfer the case to California. Cisco case, Dkt. #11.

On August 13, 2012, the Northern District of California Court granted TiVo's motion and ordered transfer of Cisco's declaratory relief lawsuit to Texas. *See* Cisco case, Dkt. #27, at 2. In doing so, "Judge Seeborg [the ND Cal Judge] acknowledged that this Court is entertaining the 'weight of the litigation' concerning Tivo's DVR patents and will soon have

invested 'significant resources' in claim construction and trial proceedings in Tivo's related cases [including the Motorola case]. Further, he held that transfer to this Court will eliminate risks of *duplicative proceedings and inconsistent judicial decisions*." *Id.* (emphasis added).

On August 18, 2012, this Court denied Cisco's motion to transfer the Cisco case to California. Cisco case, Dkt. #27. In doing so, the Court acknowledged that there are efficiencies to be gained by coordinating the Cisco case and the other TiVo cases pending in this District: "for purposes of efficiency judicial economy, the entire dispute between Cisco and Tivo is best tried in the same court, along with the other closely related cases involving these same parties and patents…[T]his Court can *avoid duplicative actions, depositions, and discovery, and will be able to coordinate common schedules appropriately to address streamlined disputes shared in all of these related cases*…The denial of transfer of the Tivo II case will minimize the risk of inconsistent judgments and conserve judicial resources." *Id.*, at 2-3 (emphasis added).

### E.    Overlapping Substantive and Discovery Issues

The Cisco case and the present action will both require the parties and the Court to address many of the same substantive issues, for example claim construction relating to the TiVo patents. In conjunction with claim construction discovery, TiVo expects that the defendants in the Cisco case and in this case will seek similar document productions and third-party depositions (such as the depositions of the non-party inventors named on the TiVo patents). Despite the fact that the TiVo patents have generally been construed multiple times (*e.g.*, three times for the '389 patent), and one could question whether any further claim constructions make sense, the Court will have to hold two additional (and presumably largely duplicative) claim construction tutorials and *Markman* hearings with respect to the

TiVo patents-in-suit. If these cases proceed separately, the Court will need to determine what role Time Warner Cable should play in the *Markman* hearing in this case, after already participating in the *Markman* hearing in the Motorola case. Similarly, the parties and the Court will need to address similar invalidity claims in both cases, and because of the similarities between the Motorola and Cisco products, similar infringement issues.

Both cases are bound to require the testimony of identical witnesses. For example, the Time Warner Cable corporate officers and employees familiar with DVR technology and sales will need to testify in both cases; it makes more sense to depose them one time for both. Similarly, Motorola and Cisco will likely seek to depose the same TiVo employees knowledgeable about the TiVo DVRs and their sales. Motorola and Cisco may also attempt to depose the same inventors of the patents-in-suit, all of whom are nonparties who no longer work for TiVo. Even putting aside the fact that many of these witnesses have been deposed on multiple occasions in the past, it makes no sense to subject non-party, and even party, witnesses to duplicative depositions in two cases when they can be deposed only once. Indeed, Time Warner Cable is concerned about this same issue and has proposed limiting TiVo to only three depositions of Time Warner Personnel in the Cisco matter because of potential overlapping issues. Cisco case, Dkt. #39 (Defendants' Proposed Discovery Order).

Documentary discovery, and any disputes about such discovery, will also be common to the two cases. Documents that will need to be produced in both cases relate to Time Warner Cable DVR technology and sales as well as TiVo DVR technology and sales. Consolidation will solve these and numerous of the other problems discussed above by providing a single, comprehensive action in which the entire dispute can be resolved.

2700589

- 8 -

## III. THE COURT SHOULD EXERCISE ITS DISCRETION TO CONSOLIDATE THIS CASE AND THE CISCO CASE FOR PRETRIAL PURPOSES

This Court has wide latitude to manage the cases on its docket—because of the potential judicial efficiencies, it should exercise its discretion here and consolidate this case and the Cisco case for pretrial purposes. Federal Rule of Civil Procedure 42(a) provides: "[w]hen actions involving a common question of law or fact are pending before the court … it may order all the actions consolidated." The Federal Circuit has made clear that this Court has "considerable discretion to consolidate cases for discovery ... [when] there is only a common question of law or fact." *In re EMC Corp.*, 677 F.3d 1351, 1359 (Fed. Cir. 2012); *see also Luera v. M/V Alberta*, 635 F.3d 181, 194 (5th Cir. 2011) ("Rule 42(a) provides district courts with broad authority to consolidate actions that 'involve a common question of law or fact'"). Significantly, the America Invents Act, which provides limits on the consolidation of cases for purposes of trial, does not prevent the Court from consolidating pretrial proceedings where, as here, it makes sense to do so. *See* 35 U.S.C. § 299 (limitations apply to cases "consolidated for trial"). As this Court has already acknowledged, it should "coordinate common schedules appropriately to address streamlined disputes shared in all of these related cases." Cisco case, Dkt. #27, at 2.

### A. The Cases Share Common Issues of Law and Fact

There are common questions of law and fact in this case and the Cisco case. As a prerequisite to consolidation, the common issues among the cases do not have to predominate; consolidation is proper so long as a court finds that common factual or legal questions exist. *See Innovative Automation, LLC v. Audio Video & Video Labs, Inc.*, Case NO. 6:11-CV-234 LED-JDL, 2012 U.S. Dist. LEXIS 114503, at *54-55 (E.D. Tex. May 30, 2012) ("[t]he existence of a common question by itself is enough to permit consolidation under Rule 42(a), even if the claims arise out of independent transactions.") (internal

citations omitted).   Here, the common issues of law and fact are striking:  both actions involve the same TiVo patents (the Cisco case also includes the '015 patent), the parties partially overlap (Time Warner Cable and TiVo) or are similarly situated in the market (*e.g.,* Motorola and Cisco are both set-top box suppliers), and the technology is similar (Motorola and Cisco DVRs).  The substantive issues also substantially overlap.  For example, similar claim construction issues will need to be addressed and the invalidity, infringement, and damages positions will likely be similar.  Finally, the discovery required, and the anticipated discovery disputes, will likely be similar.

> **B.  Consolidation Will Promote Judicial Efficiency and Streamline Resolution of the Cases**

Consolidating these cases for pretrial purposes will yield substantial benefits to the parties and to the Court.  In all respects, consolidation will serve the interests of judicial efficiency, the primary reason for consolidating cases.

> 1.   Substantive Issues in the Cases Substantially Overlap

Both cases share common issues of claim construction, validity, and infringement.  For example, there is no reason for this Court to hold two additional *Markman* tutorials and hearings on TiVo patents that have already been repeatedly construed.  This Court has previously endorsed conducting a consolidated *Markman* hearing to avoid wasting judicial and party resources.  *See Portal Techs. LLC v. Yahoo! Inc.*, CASE NO. 2:11-cv-440-JRG, 2012 U.S. Dist. LEXIS 110495, at *12-13 (E.D. Tex. Aug. 7, 2012) ("all three *Portal* cases currently pending in this Court involve common questions of claim construction and validity…the Court intends, at a minimum, to consolidate the *Markman* hearing and related briefing between these two cases.").  Similarly, Judge Folsom conducted a consolidated *Markman* in the Verizon case and the now settled *TiVo v. AT&T* case.  Most of the TiVo patents at issue in this case have been repeatedly construed (*e.g.,* '389 patent has been

construed three times and the '015 and '465 patents have each been construed twice by courts in this District).  It is hard to believe that further claim construction of these patents is necessary, let alone two additional *Markman* hearings.

In conjunction with claim construction discovery, TiVo expects that the defendants in this case and in the Cisco case will seek similar document productions and third-party depositions (such as the depositions of the non-party inventors named on the TiVo patents). These witnesses have already sat for multiple depositions relating to prior litigations involving TiVo's patents.  There is no reason to have them sit for unnecessary duplicative depositions in both this case and the Cisco case.

The cases will also involve similar issues on validity, infringement and damages. Because three of the four TiVo patents in the Cisco case are also present in this case, the Defendants in both cases will likely raise similar validity issues.  Given the fundamental DVR technology claimed in TiVo's patents, infringement issues are likely to be similar. Damages issues, too, will likely be similar.  Indeed, TiVo anticipates that its experts, to the extent possible, will be the same in both cases.  There is little reason to require two entirely separate rounds of expert disclosures and discovery.

Consolidation will also avoid inconsistencies.  Time Warner Cable is accused of infringing TiVo's patents in both this case and the Cisco case.  The claim construction hearing in the present case is currently scheduled to take place on November 27, 2012.  Dkt. #127 (Amended Scheduling Order).  Time Warner Cable should not be allowed to thereafter seek the same (or conflicting) constructions in a second *Markman* hearing in the Cisco case involving the same patents.  Similarly, Time Warner Cable should only be allowed to address validity once.

        2.       The Cases Should be Consolidated for Discovery

Consolidation will minimize duplicative discovery and inconsistent discovery rulings. In *Cedars-Sinai Med. Ctr. v. Revlon, Inc.,* the court consolidated two separate patent infringement cases in which the patents were "…derived from the same technology." 111 F.R.D. 24, 28 (D. Del. 1986). The Court stressed that because the patents were related, the "… triers of fact will be engaged in deciding, at least to some extent, common issues of fact and in applying common rules of law." *Id.* at 32. Because all of the TiVo patents at issue in this case and the Cisco case relate to DVR technology and TiVo's products embodying that technology, both TiVo's and Time Warner Cable's corporate officers and employees familiar with such DVR technology and sales will need to provide duplicative testimony in both this case and the Cisco case. Similarly, TiVo and Time Warner Cable documents relating to such technology may have to be produced by TiVo and Time Warner Cable in both cases. Because Motorola and Cisco are similarly situated (as set-top box suppliers to Time Warner Cable and Verizon), potential discovery disputes in each of the cases will be similar (for example, issues involving protective orders and access to source code among many other issues). It does not make sense for the parties to provide discovery on DVRs and TiVo's patents separately in two litigations.

    **C.**    **Consolidation Will Not Be Overly Complex**

The Court should not have to suffer the inefficiencies of two duplicative cases by adjudicating the same pretrial issues twice. There have been major changes to the landscape of both this case and the Cisco case since the Court entered the Amended Docket Control Order in this case on July 17, 2012. For example, the Court severed Time Warner Cable, in part, and added it to the Cisco case. The Court also decided to keep the Cisco case rather than transferring it to another jurisdiction, and the Court ruled that Verizon Cisco boxes

should be added to the Cisco case. In light of these developments, it makes sense to ensure that the docket control order in both this case and the Cisco case both reflect schedules that allow the maximum coordination.

TiVo respectfully requests that, in both the current case and the Cisco case, the claim construction hearing be held in May 2013 and the close of fact discovery take place at the end of June 2013. This requires moving the Court's proposed claim construction date and discovery cut-off by six months and adjusting the other pretrial dates and the trial dates accordingly. In the Cisco case, such an adjustment will require moving the claim construction date up by two months and accelerating the Court's proposed fact discovery deadline by about four months..

The six-month delay of the deadlines in the current case, and the two- to three-month advancement of the deadlines in the Cisco case, are necessary to facilitate consolidation and prevent duplicative proceedings. Often when cases are consolidated, they are at different points in the pre-trial process. "The fact that the cases may be in different stages does not bar consolidation." *Werner v. Satterlee, Stephens, Burke & Burke*, 797 F. Supp. 1196, 1212 (S.D.N.Y. 1992). As stated in *Lloyd v. Industrial Bio-Test Lab., Inc.*, this delay should be minimal and "any disadvantage to [the parties] will be offset by the avoidance of duplicative discovery and trial, as well as the minimization of expense by consolidation." 454 F. Supp. 807, 812 (S.D.N.Y. 1978).

The requested changes will also allow the opportunity to address potential scheduling issues already existing in the Scheduling Order in this case. For example, dispositive motions are currently due on February 11, 2013, *the same day* as the close of expert discovery. Dkt. #127, at 2. As another example, opening expert reports are due December 31, 2012, *the same day as the close of fact discovery* and just one month after the

claim construction hearing, at a time when the Court may not have yet had an opportunity to issue its claim construction order. *Id*, at 3. The six-month extension in this case will have the additional benefits of allowing the Court to address these potential scheduling issues now.

**IV.     CONCLUSION**

There is a strong identity or similarity of the parties, legal issues, technology at issue and factual background in this case and the Cisco case. This is precisely the sort of case where consolidation would increase efficiency, reduce expense, and produce a fairer and more rational result. TiVo respectfully requests that the Court consolidate, for pretrial purposes, this case and the Cisco case.

Dated:  September 19, 2012

Respectfully submitted,

*/s/ C. Maclain Wells*
C. Maclain Wells

Sam Baxter, Lead Attorney
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
Garret W. Chambers
Texas State Bar No. 00792160
gchambers@mckoolsmith.com
McKool Smith
300 Crescent Court, Suite 1500
Dallas, Texas 75201
TEL: 214.978.4016
FAX: 214.978.4044

IRELL & MANELLA LLP
Morgan Chu
mchu@irell.com
Andrei Iancu
aiancu@irell.com
C. Maclain Wells (*Pro Hac Vice*)
mwells@irell.com
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
Telephone: (310) 277-1010

>Facsimile: (310) 203-7199
>Attorneys for Plaintiff TiVo Inc.

## CERTIFICATE OF CONFERENCE

      I hereby certify that counsel have complied with the meet and confer requirement in Local Rule CV-7(h) and this Court's Orders, and this motion is opposed. TiVo, Motorola, and Time Warner Cable met and conferred on September 12, 2012. TiVo, Cisco, and Time Warner Cable met and conferred on September 13, 2012. Present were local counsel for the parties and attorneys having authority to resolve the matter on behalf of the parties, but the parties were unable to agree that the relief sought by this motion should be granted, and agreed that this motion is necessary to resolve the dispute.

>*/s/ C. Maclain Wells*
>C. Maclain Wells

## CERTIFICATE OF SERVICE

      I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this 19th day of September, 2012. I also hereby certify that all counsel of record are being served electronically with a copy of this sealed filing, per Local Rule CV-5(a)(7)(C), on this 19th day of September, 2012.

>*/s/ C. Maclain Wells*
>C. Maclain Wells