**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| MOTOROLA MOBILITY, INC. and GENERAL INSTRUMENT CORPORATION, | ) ) ) | |
| | ) | Case No. 5:11-cv-053-JRG |
| Plaintiffs, | ) ) | |
| | ) | JURY TRIAL DEMANDED |
| vs. | ) ) | |
| TIVO INC., | ) ) | |
| Defendant. | ) ) | |
| _____ | ) ) | |
| TIVO INC., | ) ) | |
| Counterclaim Plaintiff, | ) ) ) | |
| vs. | ) ) | |
| MOTOROLA MOBILITY, INC., GENERAL INSTRUMENT CORPORATION, TIME WARNER CABLE INC., and TIME WARNER CABLE LLC, | ) ) ) ) ) ) | |
| Counterclaim Defendants. | ) ) | |
| _____ | | |

**TIVO'S REPLY IN SUPPORT OF ITS MOTION TO CONSOLIDATE CASES FOR PRETRIAL PURPOSES AND REQUEST FOR A JOINT STATUS CONFERENCE**

2705125

**INTRODUCTION**

Motorola and TWC do not dispute that the Court has wide latitude to manage its docket. Nor do Motorola and TWC dispute that this case and the Cisco case present substantial overlapping issues—indeed they "agree[] that the parties in this case should seek to *conserve resources and gain efficiencies where possible*." Opp. at 6 (emphasis added).[1] Motorola and TWC do, however, simply ignore the fact that consolidation of the cases would prevent duplicative *Markman* hearings, depositions, document discovery and other pretrial proceedings.

Motorola and TWC also argue that "formal consolidation" is not required because of the differences between the two cases. Opp. at 6. But neither Motorola nor TWC explain how these differences negate the efficiencies of consolidation. Any factual differences in the cases can be addressed through staging of issues: for example, discussing the asserted Motorola patents either before or after the TiVo patents at a joint claim construction hearing. Motorola and TWC also argue that the Court's prior ruling granting in part and denying in part TWC's motion to sever precludes the Court from taking advantage of consolidation. Nothing in that Order addressed the question of whether the two cases should be consolidated for pretrial purposes. Nor has this Court ever held or even hinted that duplicative proceedings are appropriate. To the contrary, the Court has expressly stated that administering both cases will allow it to coordinate them efficiently—precisely what TiVo requests in this motion. Moreover, separate and apart from the issue of consolidation, Motorola's and TWC's failure to provide timely disclosures in this case (including failing to

---

[1] TWC has joined Motorola's response. Dkt. 161.

provide a responsive pleading and necessary discovery about the accused products) independently necessitates revisiting the schedule. *See* Dkt. 155.

Instead of discussing the practical issues that favor consolidation, Motorola repeats its unfounded claim that TiVo is seeking to delay this case. This charge is wrong and makes no logical sense. This is an important case for TiVo. Motorola's massive production of infringing DVRs dwarfs the numbers of accused products at issue in TiVo's previous cases. TiVo's damages claim is likely to run into the *billions* of dollars and TiVo requests a permanent injunction against the infringing Motorola DVRs. TiVo seeks its day in court as quickly as possible under a schedule that allows this case to be fully, fairly and efficiently adjudicated. Adjusting the schedules in the Motorola and Cisco cases by a matter of months would serve all these goals.

TiVo respectfully submits that the Court should take this opportunity to conserve judicial resources by aligning this case with the Cisco case for pretrial purposes.

### ARGUMENT

#### I. THE CASES SUBSTANTIVELY OVERLAP

The overlap between the two cases is substantial and indisputable. Three of the four TiVo patents-in-suit in the Cisco case are also at issue in this case. Both cases involve TiVo's fundamental DVR technology and infringing implementations of that technology. Both cases include TWC as defendant. The claim construction and validity issues for the TiVo patents will be largely if not entirely identical in both cases. The cases will also raise similar infringement, damages, and discovery issues. Motorola and TWC have never explained why it would make sense for the Court to hold two separate claim construction hearings on the TiVo patents—hearings that would inevitably end up being largely the same. It would be a waste of judicial resources to proceed with claim construction and repeat the

entire exercise several months later in the Cisco case in which TWC is also a party and many of the same patents are asserted.

Motorola and TWC focus their opposition to consolidation on the differences between the cases (Opp. at 6-7). But these differences do not negate the efficiencies to be gained through consolidation of pretrial proceedings. For example, the parties and the Court can address the additional Motorola patents either before or after the TiVo patents at a joint claim construction hearing and Cisco need not address those patents at all.

Motorola argues without support that "none of the TiVo products" will be at issue in the Cisco case. *Id*. In fact, the TiVo products accused in this case are relevant to many issues in the Cisco case, such as the commercial success of the patented features which supports the validity of the TiVo patents. Similarly baseless is Motorola's argument that its products and Cisco's DVR products "are entirely different." *Id.* The fundamental DVR technology in both the Motorola and Cisco products will raise many common issues of infringement and damages. Indeed, Motorola itself recently sought extensive discovery relating to the Cisco case. Reply Ex. 1 (Motorola 30(b)(6) deposition notice requesting a witness regarding discovery provided in various TiVo actions, *e.g.,* in the Cisco case).

## II. THIS COURT'S PRIOR RULING NEITHER ADDRESSED PRETRIAL CONSOLIDATION NOR FAVORED WASTING COURT RESOURCES

Motorola and TWC's argument that the Court has already ruled on the issue of pretrial consolidation (Opp. at 5-6) is wrong. The Court's Order granting in part and denying in part TWC's motion to sever (Dkt. 129) did not address this issue at all, and simply structured these cases such that TiVo's infringement claims involving Motorola's DVRs are adjudicated in this action and TiVo's claims involving Cisco DVRs are addressed in the Cisco case. Indeed, this Court has indicated that it wishes to coordinate these cases efficiently. In its later order denying Cisco's motion to transfer the Cisco case to California,

the Court stated that it "will be able to coordinate common schedules appropriately to address streamlined disputes shared in all of these related cases [*e.g*., the Cisco and Motorola cases]" to "avoid duplicative actions, depositions, and discovery."  Cisco case, Dkt. 27, at 2.  TiVo is simply requesting that the Court do so by consolidating this action with the Cisco case for pretrial purposes.

Motorola also argues that "multiple fact witnesses were deposed separately in the *Verizon* and *AT&T* cases, because their depositions were not coordinated."  Opp. at 3.  That is exactly why consolidation for pretrial purposes is necessary here.  TiVo tried to coordinate overlapping fact witness depositions in the *Verizon* and *AT&T* cases.  Reply Ex. 2.  Verizon refused to participate.  *Id.*  The problem of duplicative depositions presents itself with even more urgency here, with two cases involving both a common plaintiff (TiVo) and a common defendant (TWC).  Consolidation would avoid a potential string of disputes regarding coordination.

### III. MOTOROLA'S AND TWC'S FAILURE TO PROVIDE REQUISITE DISCLOSURES INDEPENDENTLY REQUIRES REVISITING THE CASE SCHEDULE

Rather than address scheduling in light of practical realities and common sense, Motorola and TWC accuse TiVo of delay.  *See* Opp. at 3.  This empty accusation makes no sense.  TiVo's damages for Motorola's infringement in this case will likely be in the *billions* of dollars.  Motorola has a massive number of infringing DVRs in the United States, as its public financials make clear—a number that far exceeds the DVRs sold by EchoStar (which paid approximately $600 million in damages and licensing fees), AT&T (which agreed to pay a minimum of $215 million) or Verizon (which agreed to pay a minimum of $250 million).  Indeed, an independent financial analyst recently estimated the damage claim in the current case as being in excess of $1 billion—without even discussing TiVo's lost profits

claim, which is likely to be billions of dollars itself. *See* Reply Ex. 3 at 1. Moreover, TiVo seeks a permanent injunction to stop Motorola's sales of infringing products that are irreparably harming TiVo and its business. TiVo wants to see this case and the Cisco case reach a final resolution as quickly and efficiently as possible. Indeed, while the vast majority of the industry has recognized TiVo's fundamental DVR technology, Motorola and TWC continue their willful infringement without abatement. The case should proceed toward resolution in an orderly fashion.

It is disingenuous for Motorola to accuse TiVo of delay when Motorola has failed to make the disclosures that would move this case forward. As detailed more fully in TiVo's pending Motion to Continue Claim Construction Deadlines and Request for Status Conference (Dkt. 155), Motorola and TWC have failed to answer TiVo's infringement claims, which means that the pleadings in this case are not even set. Moreover, Motorola has failed to produce source code and other technical documents for all of the accused products required under P.R. 3-4(a), and TWC has failed to produce *any* of its code. Now, Motorola and TWC seek to capitalize on their delays by forcing TiVo to proceed in this important case without the benefit of responsive pleadings or the requisite discovery.

For all these reasons, TiVo asks the Court to consolidate this action with the parallel Cisco case and set a status conference to address any scheduling issues.

| | |
|---|---|
| Dated: October 15, 2012 | Respectfully submitted, |

*/s/ Thomas C. Werner*

Sam Baxter, Attorney-in-Charge
State Bar No. 01938000
sbaxter@mckoolsmith.com
Garret W. Chambers
State Bar No. 00792160
gchambers@mckoolsmith.com
McKOOL SMITH
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Telephone: (214) 978-4016
Facsimile: (214) 978-4044

IRELL & MANELLA LLP
Morgan Chu (*Pro Hac Vice*)
mchu@irell.com
Andrei Iancu (*Pro Hac Vice*)
aiancu@irell.com
Thomas C. Werner (*Pro Hac Vice*)
twerner@irell.com
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
Telephone: (310) 277-1010
Facsimile:(310) 203-7199

Attorneys for Defendant and
Counterclaim Plaintiff TiVo Inc.

## **CERTIFICATE OF SERVICE**

      I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this 15th day of October, 2012.

                                            */s/ Thomas C. Werner*
                                            Thomas C. Werner