**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| MOTOROLA MOBILITY, INC. and GENERAL INSTRUMENT CORPORATION,<br>    Plaintiffs,<br><br>v.<br><br>TIVO INC.,<br>    Defendant.<br>_____<br><br>TIVO INC.,<br>    Counterclaim Plaintiff,<br><br>v.<br><br>MOTOROLA MOBILITY, INC., GENERAL INSTRUMENT CORPORATION, TIME WARNER CABLE INC., and TIME WARNER CABLE LLC,<br>    Counterclaim Defendants. | §§§§§§§§§§§§§§§§§§§§§§§§ Case No. 5:11-cv-053-JRG |

**ORDER**

Before the Court is Plaintiffs Motorola Mobility, Inc. and General Instrument Corporation's (collectively "Motorola") Motion to Strike or Dismiss Portions of TiVo's Fourth, Fifth and Sixth Counterclaims, filed April 12, 2012 (Dkt. No. 81) (the "Motion"). The Court having considered the same finds that the Motion should be **DENIED** for the reasons set forth below.

**I.  Factual and Procedural Background**

Motorola instituted this action against Defendant and Counterclaim Plaintiff TiVo Inc. ("TiVo") on February 25, 2011, alleging that TiVo infringed three Motorola patents. Motorola also seeks a declaratory judgment that Motorola did not infringe two TiVo patents. The two TiVo

1

patents at issue in the original complaint are U.S. Patents Nos. 6,233,389 (the "'389 patent") and 7,529,465 (the "'465 patent"). Motorola's declaratory judgment claims relate to its set-top digital video recorder ("DVR") boxes having a "QIP" designation (the "QIP boxes").

On July 6, 2011, the Court entered an order staying this case for six months. On January 3, 2012, the Court lifted the stay and, on January 24, 2012, entered a new scheduling order. That scheduling order set April 30, 2012 as the deadline to join other parties without leave of Court and the deadline for filing amended pleadings. On March 26, 2012, TiVo filed its Amended Answer and Amended Counterclaims against Time Warner Cable Inc. and Time Warner Cable LLC (collectively "TWC") and Motorola, alleging infringement of three of its patents: the '389 patent, the '465 patent, and U.S. Patent No. 6,792,195 (the "'195 patent).

The Amended Counterclaims added new claims against Motorola relating not only to Motorola's set-top DVR boxes with the "QIP" designation, but also to its DVR boxes with "DCH," "DCT," and "DCX" designations (the "DC boxes"). TiVo's Amended Counterclaims also accused TWC of infringement relating to its distribution of Motorola's DC boxes. On June 29, 2012, TiVo timely served its infringement contentions on Motorola and TWC, enumerating a number of accused boxes including the Motorola DC boxes. Such contentions also enumerated certain Cisco Systems, Inc. ("Cisco") "HD" series of DVR boxes (the "HD boxes"). TiVo asserts that TWC distributes the QIP, DC and HD boxes.

**II.   Analysis**

Motorola moves the Court under Federal Rules of Civil Procedure 12(b)(6) and 16(b)(4), and Local Patent Rule 3-6(b), to strike or dismiss portions of the Fourth, Fifth and Sixth Counterclaims in TiVo's amended counterclaims.

In moving the Court to dismiss TiVo's infringement counterclaims under Rule 12(b)(6),

Motorola's argument exists in a single paragraph contained within its Motion (*see* Dkt. No. 81 at 7-8) as well as one footnote in its reply brief (*see* Dkt. No. 87 at 5 n.1).  Motorola merely states that "[i]nfringement claims that include language such as 'including, but not limited to' and 'and/or other products' do not meet this standard and should be dismissed under Federal Rule of Civil Procedure 12(b)(6)."  (Dkt. No. 81 at 7-8.)  Motorola fails to provide any further reasoning in support of its motion.  The Court finds that Motorola's motion to dismiss is without merit because it fails to adequately invoke Rule 12(b)(6).  Additionally, to the extent that Motorola may have sufficiently invoked Rule 12(b)(6), the Court finds that TiVo has sufficiently pled its infringement counterclaims because TiVo's counterclaims comply with Federal Rule of Civil Procedure Form 18 by identifying the category of accused devices.  *See In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1334 (Fed. Cir. 2012) (holding that the adequacy of pleading direct infringement is to be measured by the specificity required by Form 18).  Thus, Motorola's motion to dismiss TiVo's infringement counterclaims under Federal Rule of Civil Procedure 12(b)(6) should be and is hereby **DENIED**.

The remainder of Motorola's Motion hinges upon whether TiVo timely filed its Amended Answer and Amended Counterclaims.  Under the controlling scheduling order, Motorola argues that TiVo's amended counterclaims were filed untimely because such counterclaims require amended infringement and invalidity contentions.  For TiVo to file those counterclaims, Motorola continues, TiVo was required to—but did not—seek leave to amend under Federal Rule of Civil Procedure 16(b)(4) and Local Patent Rule 3-6(b).  In response, TiVo asserts that it timely filed its amended counterclaims under the controlling scheduling order.

The Court agrees with TiVo.  Federal Rule of Civil Procedure 16(b)(4) provides that "[a] schedule may be modified only for good cause and with the judge's consent."  The controlling

scheduling order set April 30, 2012 as the date for:

> 10. Amended Pleadings (pre-claim construction) due from all parties. It is not necessary to file a motion for leave to amend before the deadline to amend pleadings. It is necessary to file a motion for leave to amend after the deadline. However, amendment or supplementation of any Infringement Contentions or Invalidity Contentions, other than as expressly permitted in P. R. 3-6(a), may be made only by order of the Court, which shall be entered only upon a showing of good cause.

(Dkt. No. 53 at 2 (citing P.R. 3-6(b)).) Local Patent Rule 3-6(b) requires leave of Court to amend or supplement any infringement or invalidity contentions.

Motorola misconstrues the scheduling order. Local Patent Rule 3-6(b) governs when a party must seek leave from the Court and show good cause in order to amend its infringement or invalidity contentions. Local Patent Rule 3-6(b) does not, as Motorola now suggests, deal with amendments to pleadings. The amendment of pleadings is separate and distinct from the need to seek leave to amend infringement and invalidity contentions. The purpose of the language in the Court's scheduling order is to avoid situations where a party amends a complaint and does not also amend its infringement and invalidity contentions where necessary. Thus, the proper remedy is not to strike the amended counterclaims, but request TiVo to supplement its infringement and invalidity contentions in light of its amended counterclaims and seek action from the Court in that regard, if necessary. Accordingly, TiVo was free to file its Amended Answer and Amended Counterclaims on or before April 30, 2012 without seeking leave of Court. Here, TiVo timely filed its amended counterclaims on March 26, 2012. Therefore, Motorola's motion to dismiss or strike TiVo's amended counterclaims under Federal Rule of Civil Procedure 16(b)(4) and Local Patent Rule 3-6(b) should be and is hereby **DENIED**.

**III. Conclusion**

For the reasons stated herein, the Court finds that Motorola's Motion to Strike or Dismiss Portions of TiVo's Fourth, Fifth and Sixth Counterclaims (Dkt. No. 81) is hereby in all things

**DENIED**.  Additionally, the Court notes that pending in this case are the following motions:

1. Motorola's Motion to Compel TiVo's Production of Expert Reports and Deposition Transcripts from Other Litigations and Related Interrogatory Responses, filed August 3, 2012 (Dkt. No. 131).

2. TiVo's Motion to Compel Defendants to Respond to Interrogatory No. 1 and Produce Source Code, filed October 12, 2012 (Dkt. No. 163).

The parties are directed to again meet and confer (telephonically) as to the same and advise the Court no later than November 16, 2012 at 5:00 p.m. as to the status of such matters.  In the event these pending motions are not resolved by the parties themselves, such matters are hereby set for argument before the Court in Marshall, Texas on November 20, 2012 at 10:00 a.m.  Each side shall have fifteen (15) minutes per motion to present arguments to the Court regarding the same.

**So ORDERED and SIGNED this 13th day of November, 2012.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE