**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION**

| | |
|---|---|
| MOTOROLA MOBILITY, INC. and GENERAL INSTRUMENT CORPORATION, <br><br> Plaintiffs, <br><br> vs. <br><br> TIVO INC., <br><br> Defendant. <br> _____ <br><br> TIVO INC., <br><br> Counterclaim Plaintiff, <br><br> vs. <br><br> MOTOROLA MOBILITY, INC., GENERAL INSTRUMENT CORPORATION, TIME WARNER CABLE INC., and TIME WARNER CABLE LLC, <br><br> Counterclaim Defendants. <br> _____ | Case No. 5:11-cv-053-JRG <br><br> JURY TRIAL DEMANDED |

**TIVO'S SUR-REPLY TO MOTOROLA AND TIME WARNER CABLE'S MOTION TO EXCLUDE THE TESTIMONY OF ROBERT SPAR REGARDING PATENT OFFICE PRACTICE AND PROCEDURE**

2804868

Motorola misrepresents the nature of Mr. Spar's testimony which will assist a jury that likely will have little if any experience with the patent system in parsing and understanding the voluminous patent filing histories at issue in this case. Motorola asserts that Mr. Spar's testimony "does not operate to overcome the voluminous nature of the file histories of the '389 patent and assist the jury in understanding []why the examiner did what he . . . did[,] . . . the prior art cited during prosecution, or [] why certain patents were reexamined." Reply at 5. This is simply not the case.

Mr. Spar has given a detailed account of the patent examination process addressing the rules governing examinations and what steps were actually taken in the examinations of the patents in this case. *See* Opp. Ex. 1 at ¶¶ 19-34, 49-53, 72-103, 118-145 (Spar report). *See also* Ex. 4 at 18:5-19:15 (testimony "reflects a prioritized explanation of what goes on during the process and the things that are important to consider"), 33:14-34:8, 39:24-40:19, 69:9-70:14, 78:2-79:1 (Spar Depo excerpts).

Mr. Spar also provided a detailed description of how an examiner determines what prior art to consider during prosecution and reexamination, as well as where that information is recorded in the prosecution and reexamination file histories. *See* Opp. Ex. 1 at ¶¶ 27-29, 39, 62, 69 ("The Reexamination Certificate lists the references that were cited and considered during the reexamination, and indicates that no amendments to the ['389] patent were made."), 71. *See also* Ex. 4 at 69:9-70:14 ("[T]he process requires the examiner to consider the particular references, whether they be patents or publications . . . the examiner . . . always does a further search on their own. And this is indicated in the file history. And the examiner indicates the particular inquiries or searches that they've made, but the examiner does not identify any particular items that they've looked at.").

Finally, Mr. Spar also provided a detailed account of the reexamination process in general, the reexaminations of the patents at issue in this case and the import of those proceedings. *See* Opp. Ex. 1 at ¶¶ 35-45, 54-71, 106-117. *See also* Ex. 4 at 33:14-34:8, 39:24-40:19, 43:14-44:20 ("This is my attempt to give an overview of the process and highlight the significant things."), 51:24-53:2. Motorola argues that TiVo intends to offer "Mr. Spar as a validity expert." Reply at 4. But Mr. Spar has not opined on the technical content of the prior art in this case, nor will he at trial. What he has opined on is that the USPTO has made patentability determinations regarding TiVo's patents in suit during the initial prosecution and the subsequent reexaminations, the materials that the USPTO considered in reaching those determinations and the steps that the USPTO followed in making those determinations as required by the Patent Office rules. The import of the reexaminations of the '389 patent is obviously a disputed issue and Motorola is free to argue that its "invalidity defenses are separate and distinct from any '389 reexaminations, relying on prior art that could not be considered by Patent Office therein." Reply at 2. But, it should not be granted summary judgment on this disputed issue in the guise of a *Daubert* challenge.

Dated: April 19, 2013

Respectfully submitted,

*/s/ Thomas C. Werner*
Thomas C. Werner

Sam Baxter, Lead Attorney
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
Texas Garret W. Chambers
State Bar No. 00792160
gchambers@mckoolsmith.com
McKool Smith
300 Crescent Court, Suite 1500
Dallas, Texas 75201
TEL: 214.978.4016

FAX: 214.978.4044

IRELL & MANELLA LLP
Morgan Chu (*Pro Hac Vice*)
mchu@irell.com
Andrei Iancu (*Pro Hac Vice*)
aiancu@irell.com
Thomas C. Werner (*Pro Hac Vice*)
twerner@irell.com
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
Telephone:(310) 277-1010
Facsimile:(310) 203-7199

Attorneys for TiVo Inc.

## CERTIFICATE OF SERVICE

     I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this 19th day of April, 2013.

     */s/ Thomas C. Werner*
     Thomas C. Werner