**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**TEXARKANA DIVISION**

| | |
|---|---|
| MOTOROLA MOBILITY, INC. and GENERAL INSTRUMENT CORPORATION<br><br>    Plaintiffs,<br><br>vs.<br><br>TIVO INC.,<br><br>    Defendant.<br>_____<br><br>TIVO INC.,<br><br>    Counterclaim Plaintiff<br><br>  v.<br><br>MOTOROLA MOBILITY, INC., GENERAL INSTRUMENT CORPORATION, TIME WARNER CABLE INC., and TIME WARNER CABLE LLC,<br><br>    Counterclaim Defendants. | Civil Action No. 5:11-cv-00053-JRG |

## EMERGENCY MOTION TO QUASH TRIAL SUBPOENAS

Pursuant to Federal Rule of Civil Procedure 45, Plaintiffs and Counterclaim Defendants Motorola Mobility, Inc., and General Instrument Corporation (collectively "Motorola") and Counterclaim Defendants Time Warner Cable Inc., and Time Warner Cable LLC (collectively "TWC") move to quash the trial subpoenas TiVo, Inc. ("TiVo") issued to Messrs. LaJoie, Leddy, and Stern. TiVo purported to serve its subpoenas on each of these individuals "c/o CT CORPORATION SYSTEM," which has not been designated by any of them to accept personal

**EMERGENCY MOTION TO QUASH TRIAL SUBPOENAS – Page 1**

service on their behalf. All three of these individuals live and work outside of the Court's subpoena power. Further, TiVo did not provide the mileage required under Rule 45(b)(1). For these reasons, TiVo's trial subpoenas issued to Messrs. LaJoie, Leddy, and Stern do not comply with Rule 45, and Motorola and TWC respectfully request that the Court quash them.

**BACKGROUND**

TiVo filed its "Notice of Trial Subpoenas" (Dkt. No. 475) ("Notice") on May 24, 2013, and attached copies of the subpoenas issued to Messrs. LaJoie, Leddy, and Stern as exhibits. The subpoenas were sent "c/o CT CORPORATION SYSTEM" for service upon these three individuals, but CT Corporation System has not been designated to receive service by any of them. CT Corporation System is instead the registered agent for TWC. All three individuals live in New York, well beyond the effective range of a trial subpoena. TiVo took Mr. LaJoie's deposition on February 28, 2013. Mr. Leddy and Mr. Stern were identified as Rule 30(b)(6) representatives of TWC, and TiVo deposed them on January 29, 2013 and January 28, 2013, respectively. All three depositions were transcribed and videotaped.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 45(b) requires service of a subpoena upon the named person, and "tendering the fees for 1 day's attendance and the mileage allowed by law." Fed. R. Civ. P. 45(b). "[P]ersonal service of a subpoena is required when an individual is subpoenaed." *In re Johnson & Johnson*, 59 F.R.D. 174, 177 (D.C. Del. 1973) (service of a subpoena which named individuals was deficient when served on the corporation). Service of a subpoena is only effective, without a special order of good cause, (1) within the district of the issuing court, (2) outside of the issuing court's district but still within 100 miles of the place specified for trial, or (3) within the state of the issuing court. *Id.*

ARGUMENT

**1. TiVo's Subpoenas Fail To Meet Rule 45 Service Requirements And Are Deficient**

TiVo's trial subpoenas are procedurally deficient for at least two reasons. First, the trial subpoenas are specifically directed to Messrs. LaJoie, Leddy, and Stern as individuals, but TiVo did not serve copies of the respective subpoenas upon the individuals personally. Instead, TiVo served TWC's corporate registered agent, CT Corporate Systems. While Mr. Leddy and Mr. Stern were designated as Rule 30(b)(6) corporate representatives for depositions to answer specific topics for TWC, TiVo's trial subpoenas name them individually. Service upon TWC does not fulfill the requirement of personal service on the individuals who also happen to be officers of the corporation. *Johnson*, 59 F.R.D. at 177. The same applies for the subpoena issued to Mr. LaJoie even though he was not a designated Rule 30(b)(6) representative of TWC. *Id.* None of these three individuals designated or authorized CT Corporate Systems to accept service on his behalf. TiVo has not complied with the personal service requirement of Rule 45, and the subpoenas should be quashed.

Second, TiVo's trial subpoenas are deficient because TiVo did not tender the required fee and mileage. TiVo only tendered the $40 witness fee in conjunction with its improper service upon TWC's registered agent. *See* Proof of Service emails with check, Ex. B. TiVo did not include any amount for a reasonable estimate of mileage. TiVo is required to tender *both* the witness fee and mileage simultaneously with service of the subpoena. *Robertson v. Dennis*, 330 F.3d 696, 704 (5th Cir. 2003) "Under these facts, the command of Rule 45 as interpreted by the Fifth Circuit Court of Appeals requires this Court to find that the subpoena was served in a procedurally deficient manner warranting the Court in quashing the subpoena." *Carroll v. Variety Children's Hosp.*, 2007 U.S. Dist. LEXIS 62214, *4 (E.D. Tex., 2007) (Bush, J.) (service

of subpoena was improper when even a *de minimis* mileage amount was not tendered) citing *Robertson*, 330 F.3d at 704.

TiVo failed to meet the Rule 45 requirements to effect proper service upon the named individuals. Therefore, the trial subpoenas of Messrs. LaJoie, Leddy, and Stern are procedurally deficient and should be quashed.

### 2. Messrs. LaJoie, Leddy, and Stern Are Outside The Court's Subpoena Power

Furthermore, TiVo's trial subpoenas should be quashed because they attempt to command the presence of individual witnesses outside of this Court's subpoena power. Rule 45 contemplates service of subpoenas "at any place" within the Court's district, within 100 miles from the specified place of trial, within the state of Texas, or upon motion showing good cause. Fed. R. Civ. P. 45(b)(2). All three individuals named in TiVo's trial subpoenas reside in or around New York City. New York is beyond the Eastern District of Texas, over 1,000 miles from Texarkana, and even outside of the State of Texas. Nor did TiVo show good cause and move for the Court's authorization under Rule 45(b)(2)(D) before attempting to subpoena these witnesses' presence. Accordingly, TiVo's trial subpoenas to Messrs. LaJoie, Leddy, and Stern are ineffective, improper attempts to stretch the limits of subpoena power, and should be quashed for this reason as well.

### 3. TiVo's Trial Subpoenas Were Unnecessary And Could Be Resolved During The Current Pretrial Negotiations

Other than the obvious procedural problems with TiVo's service of the trial subpoenas, TWC questions the necessity of attempting to subpoena these individual witnesses in the first place. TiVo deposed all three witnesses during the discovery period and can designate portions of those depositions to support its case or rebut Motorola and TWC's case. *See* Fed. R. Civ. P. 32. In fact, TiVo can and did designate deposition testimony from these

witnesses for any purpose. Fed. R. Civ. P. 32(a)(3) (testimony of Rule 30(b)(6) designee); Fed. R. Civ. P. 32(a)(4) (unavailable witness over 100 miles from the place of trial). The Rules make it clear that TiVo need not subpoena these witnesses to appear live at the trial. TiVo can instead designate the relevant parts of their deposition testimony and use those designations to support its case.

Designation of deposition testimony and discussion on trial witnesses is more properly handled during the pretrial meet and confer process. Motorola, TWC, and TiVo have been negotiating a wide variety of pretrial issues relating to the final trial structure for over two months now. These discussions have included the parties' trial witness lists and deposition designation disclosures. Should Motorola and TWC decide to call any of these witnesses live to testify at trial, TiVo will be accorded the opportunity for a thorough cross-examination. Pursuant to the parties' pretrial agreement, live witnesses must be disclosed at least a day before they are called, allowing the other side time to finalize its cross-examination strategy.[1] Motorola, TWC, and TiVo are currently negotiating the final lineup of witnesses who will appear live at trial and those that will be called via designated deposition testimony. TiVo's subpoenas are thus unnecessary and should be quashed.

**CONCLUSION**

For all these reasons, Motorola and TWC respectfully request that the Court quash the trial subpoenas issued to Messrs. LaJoie, Leddy, and Stern and improperly served upon TWC's registered agent. Motorola and TWC further request expedited consideration of this motion so that it may be heard at the upcoming pretrial hearing on June 5, 2013 and propose that TiVo file any response prior to pretrial of this matter.

---

[1] The parties are still negotiating the final exchange time agreements.

Respectfully submitted,

*/s/ Jennifer H. Doan*

Jennifer Haltom Doan
Texas Bar No. 08809050
Shawn Alexander Latchford
Texas Bar No. 24066603
Stephen W. Creekmore, IV
Texas Bar No. 24080844
HALTOM & DOAN
6500 Summerhill Road, Suite 100
Texarkana, TX 75503
Telephone: (903) 255-1000
Fax: (903) 255-0800
Email: jdoan@haltomdoan.com
Email: slatchford@haltomdoan.com
Email: screekmore@haltomdoan.com

Lance Lee
Texas Bar No. 24004762
5511 Plaza Drive
Texarkana, TX 75503
Telephone: (903) 223-0276
Facsimile: (903) 233-0210
wlancelee@aol.com

Mark Mann
Texas Bar No. 12926150
The Mann Firm
300 West Main Street
Henderson, TX 75652
Phone (903)657-8540
Fax (903)657-6003
mm@themannfirm.com

Charles K. Verhoeven (*Pro Hac Vice*)
Quinn Emanuel Urquhart & Sullivan, LLP
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700
charlesverhoeven@quinnemanuel.com

Edward J. DeFranco (*Pro Hac Vice*)
Quinn Emanuel Urquhart & Sullivan, LLP
eddefranco@quinnemanuel.com
Matthew A. Traupman (*Pro Hac Vice*)
matthewtraupman@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Marissa R. Ducca
Quinn Emanuel Urquhart & Sullivan, LLP
1299 Pennsylvania Ave. NW, Suite 825
Washington, D.C. 20004
Telephone: (202) 538-8109
Facsimile: (202) 538-8100
marissaducca@quinnemanuel.com

Brian K. Erickson
Texas Bar No. 24012594
brian.erickson@dlapiper.com
John Guaragna
Texas Bar No. 24043308
john.guaragna@dlapiper.com
Aaron Fountain
Texas Bar No. 24050619
aaron.fountain@dlapiper.com
Todd Patterson
Texas Bar No. 24060396
todd.patterson@dlapiper.com
DLA Piper
401 Congress Avenue, Suite 2500
Austin, TX 78701-3799
Phone: 512.457.7000
Fax: 512.457.7001

| | |
|---|---|
| John Allcock (admitted *pro hac vice*)<br>john.allcock@dlapiper.com<br>Sean Cunningham (admitted *pro hac vice*)<br>sean.cunningham@dlapiper.com<br>Erin Gibson (admitted *pro hac vice*)<br>erin.gibson@dlapiper.com<br>Edward H. Sikorski (admitted *pro hac vice*)<br>ed.sikorski@dlapiper.com<br>DLA Piper<br>401 B Street, Suite 1700<br>San Diego, CA 92101<br>Telephone:  619-699-2700<br>Facsimile:  619-699-2701 | Andrew N. Stein<br>D.C. Bar No. 1005411<br>andrew.stein@dlapiper.com<br>DLA Piper<br>500 Eighth Street, NW<br>Washington, DC 20004<br>Telephone:  202-799-4000<br>Facsimile:  202-799-5000<br><br>**ATTORNEYS FOR PLAINTIFFS MOTOROLA MOBILITY, INC. and GENERAL INSTRUMENT CORPORATION and Counterclaim Defendants TIME WARNER CABLE, INC. and TIME WARNER CABLE LLC** |

### CERTIFICATE OF SERVICE

The undersigned certifies that on this 30th day of May, 2013, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3). Any other counsel of record will be served by a facsimile transmission and/or first class mail.

 */s/ Jennifer H. Doan*
Jennifer H. Doan

### CERTIFICATE OF CONFERENCE

On 30th day of May, 2013, Jennifer Doan, counsel for Motorola and TWC, conferred with Garret Chambers, counsel for Tivo. Tivo does not oppose the expedited nature of this request; however, it does oppose the motion to strike, and the parties have reached an impasse. Both sides agreed to continue to try to resolve the issue prior to the pretrial hearing on June 5; however, if it cannot be resolved by that date, the parties agree to have the Court hear the matter at the pretrial hearing.

 */s/ Jennifer H. Doan*
Jennifer H. Doan