# Exhibit A

*Motorola v. TiVo*, No. 5:11-cv-53 (E.D.Tex)
**Motorola and Time Warner Cable's Statement Regarding Its Objections to TiVo's Trial Exhibits and Its Responses to Motorola's and TWC's Responses**

**Motorola's and TWC's Response to TiVo's Statement**: Until Friday afternoon, Motorola and Time Warner Cable were faced with having to determine which objections to maintain to TiVo's exhibit list which had over 1700 exhibits on it, and to which TiVo was continually adding new exhibits.  Knowing that TiVo would never use all of these exhibits at trial, and that addressing those objections would be overly burdensome and a waste of time for both Motorola/Time Warner Cable and the Court, Motorola/Time Warner Cable repeatedly pled with TiVo to reduce their list for weeks.  TiVo repeatedly refused.  After the Court rejected a proposal from TiVo where both parties have multiple exhibit lists, TiVo finally reduced its exhibit list to just over 1000 exhibits on May 31.  To introduce 1000 exhibits at trial, TiVo would need to introduce more than one exhibit per minute.  Motorola and Time Warner Cable were faced with trying to guess which of these exhibits would be used to form their final objections. TiVo's only response is that Motorola and Time Warner Cable could have wasted even more time and formulated objections to all 1700 of TiVo's prior objections.

When it was clear that TiVo would refuse to reduce its list below 1000, Motorola and Time Warner Cable worked diligently around the clock to determine which objections it would need to raise with the Court, and served a brief explanation of those objections in chart format (as requested by the Court) on TiVo Sunday morning.  At the same time, TiVo served their objections, including an unexpected 20 page brief that was not in chart form as requested by the Court.  Motorola and Time Warner Cable again worked diligently on both exhibits.  Motorola and Time Warner Cable spent two hours on a meet and confer with TiVo articulating their objections in excruciating detail, and followed up with an extensive email explaining all of the

objections TiVo claimed it did not understand. Motorola and Time Warner Cable later served on TiVo written explanations of the exhibits that memorialized what was discussed on the meet and confer. At the same time, Motorola worked on responding to TiVo's extensive objections to our exhibits, determining which objections could be mooted so the Court did not have to address them, and further reducing their exhibit list. Motorola and Time Warner Cable currently have about 339 exhibits on their list, and they are continuing to reduce that list. At the end of the day Monday, TiVo's local counsel called Motorola and Time Warner Cable's local counsel and offered an extension so the parties can continue to resolve these issues, and Motorola and Time Warner cable accepted that extension, knowing it would be able to resolve many of TiVo's objections without the Court.

Because of the extensive size of TiVo's exhibit list, Motorola and Time Warner Cable were unable to make all of the objections by the time TiVo requested. Late in the day on Sunday, Motorola and Time Warner Cable sent TiVo a list of 17 additional exhibits they were objecting to, and the objections which largely overlapped with the same objections they had made previously.[1] Despite TiVo's previous offer for an extension and Motorola/TWC's acceptance, TiVo refused to address those exhibits and therefore, the objections will be filed in a separate statement. Motorola and Time Warner Cable objected to TiVo's exhibits TX-142, 653, 654, 2351, 239, and 225 as Exhibits relating to TiVo's prior and ongoing litigation (Objection 1); exhibits TX-156, 151 and 175 as Exhibits concerning cableCARD, tuning adapting, and switched digital video technology (Objection 8); and exhibit TX-155 as documents regarding non-accused, third-party technology (Objection 10(f)). Motorola and Time Warner Cable also

---

[1] Motorola and Time Warner Cable originally included more than 17 exhibits, but subsequently realized some of those were not on TiVo's 1000+ list. In addition to the exhibits above, Motorola and Time Warner Cable also objected to exhibits TX-172, 318, and 106 under Moto/TWC's Objection 1; exhibits TX-2476 and 270 under Objection 8, exhibits TX-2325 and 148 under Objection 10(f), and added exhibits TX-284, 262, 2344, and 2330 under the new Objection 11, noted in this paragraph.

objected to exhibits TX-157, 1211, 1212, 2332, 2299, and 2348 under a new category, Objection 11, because these documents are irrelevant and prejudicial.[2]

---

[2] Motorola and Time Warner Cable served the following explanation of its objection: "TiVo seeks to introduce documents that are not relevant to the issues at dispute in this litigation and whose probative value is outweighed by the prejudice to Motorola and TWC. TX-284 and 2344 relate to unclaimed features of TiVo's DVR such as the user interface trick play functionality. TX-2330, TX-2331, TX-1211, TX-1212, TX-2332, TX-2299, and TX-2348 all relate to business negotiations between Motorola and TiVo on a potential business deal not relevant to any issue in this litigation. These documents discuss third party intellectual property rights that are not at issue in this litigation and likely to be confusing and misleading to the jury."

*Motorola v. TiVo*, No. 5:11-cv-53 (E.D. Tex.)
**Chart of TiVo's Objections to Motorola's and TWC's Trial Exhibits**

| **Exhibits** | **TiVo's Objection** | **Motorola's and TWC's Response** |
|---|---|---|
| PX-0086; PX-0087; PX-0097; PX-0101; PX-0105; PX-0128; PX-0129; PX-0147; PX-0154; PX-0160; PX-0162; PX-0164; PX-0165; PX-0166; PX-0167; PX-0171; PX-0181; PX-0202; PX-0209; PX-0210; PX-0211; PX-0230; PX-0231; PX-0232; PX-0233; PX-0234; PX-0248; PX-0249; PX-0250; PX-0251 | OBJ01: Exhibits Needing Redaction Pursuant To TiVo's Motion *In Limine* No. 1. | Motorola and TWC withdraw PX-0086, PX-0101, PX-0105, PX-0171, PX-0181, PX-0248, and PX-0251.<br><br>Motorola and TWC agree to redact the remaining exhibits in accordance with the Court's instruction at the April 23, 2013 Pretrial Conference. Therefore, this objection is moot. |
| PX-0086; PX-0101; PX-0105; PX-0171; PX-0181; PX-0248; PX-0251 | OBJ02: Exhibits That Should Be Excluded Pursuant To TiVo's Motion *In Limine* No. 1. | Motorola and TWC withdraw PX-0086, PX-0101, PX-0105, PX-0171, PX-0181, PX-0248, and PX-0251. Therefore, this objection is moot. |
| PX-0968; PX-1029; PX-1809; PX-2634; PX-2635 | OBJ03: Irrelevant and Inflammatory Documents Regarding Editorial Comments About TiVo in Documents Subject to TiVo's Motion *In Limine* No. 2. | Motorola and TWC withdraw PX-0968, PX-1809, PX-2634, and PX-2635.<br><br>PX-1029 is not being offered to show a "culture of copying" that was the subject of TiVo's Motion *In Limine* No. 2. Rather PX-1029 demonstrates that Yang communicated with and directed TiVo's founders and head of engineering. PX-1029 is directly relevant to Motorola's improper inventorship, unjust enrichment, and derivation claims. PX-1029 shows that Yang not only communicated with TiVo, but told TiVo to implement certain features in its product.<br><br>PX-1029 is an email chain containing Yang's response to an earlier email. Motorola and TWC agree to redact the earlier email. TiVo's Motion *In Limine* No. 2 requested the court to preclude any reference to a "culture of copying" at TiVo. By limiting PX-1029 to Yang's statements, there is no reference to a "culture of copying" at TiVo and there can be no violation of TiVo's Motion *In Limine* No. 2. |
| PX-0068; PX-0719; PX-0739; PX-0740; PX-0742; PX-0897; | OBJ04: Exhibits Subject To TiVo's Motion *In Limine* | As described in Motorola and TWC's Response to TiVo's Motion *In Limine* No. 4 (Dkt. No. 432 at 5-6), Motorola timely disclosed its licensing defense based on the |

| Exhibits | TiVo's Objection | Motorola's and TWC's Response |
|---|---|---|
| PX-0935; PX-2641 | No. 4. | Horizon Developer Agreement ("HDA") during the discovery period. Accordingly, TiVo's request to exclude the HDA and corresponding exhibits has no merit.  Furthermore, TiVo is incorrect that the identified exhibits relate only to Motorola's license under the HDA.  For example, PX-2641 ("Comcast DVR with TiVo Service: Messaging Hierarchy") relates to TiVo's commercial relationship with Comcast. TiVo's own damages experts relies upon this commercial relationship to support his lost profits and reasonable royalty claims.  TiVo is also mistaken that the identified exhibits are hearsay.  TiVo identifies only PX-742—a customer feature request ("CFR") from third party TVWorks to Motorola—as containing hearsay.  The request states that "TiVo requires msec granularity down to 1/30 of a sec."  The exhibit is admissible at least as a business record (FRE 803(6)) and because it contains an admission by a party opponent (i.e., TiVo) (FRE 802(d)(1)). |
| PX-0086; PX-0087; PX-0097; PX-0101; PX-0105; PX-0128; PX-0129; PX-0147; PX-0154; PX-0160; PX-0162; PX-0164; PX-0165; PX-0166; PX-0167; PX-0171; PX-0181; PX-0202; PX-0209; PX-0210; PX-0211; PX-0230; PX-0231; PX-0232; PX-0233; PX-0234; PX-0248; PX-0249; PX-0250; PX-0251 | OBJ05: Exhibits Subject To TiVo's Motion *In Limine* No. 5. | Motorola and TWC withdraw PX-0086, PX-0101, PX-0105, PX-0171, PX-0181, PX-0248, and PX-0251.

As described in Motorola and TWC's Response to TiVo's Motion *In Limine* No. 5 (Dkt. No. 432 at 7-8), each exhibit to which TiVo objects was produced before the close of fact discovery, and was disclosed as evidencing the conception and reduction to practice of the Imedia patents as early as December 6, 2012.  In his rebuttal report, Motorola and TWC expert Stephen Gray pointed to these documents and opined that these documents "evidence the development of the Imedia inventions now found in the asserted '714, '948, and '708 claims"  Dkt. No. 348, Ex. 13 at ¶ 387.  TiVo had plenty of notice that Motorola would rely on these documents as evidence of conception and reduction to practice of the Motorola patents.  Moreover, TiVo deposed Imedia inventor Ed Krause on January 31, 2013, ten days after receiving production of the Irell documents, and deposed Imedia inventor Adam Tom the next day (February 1).  TiVo did not even bother to depose Imedia inventor Jerrold Heller in this case.  In short, TiVo's motion is not about discovery timeliness; rather it is about depriving Motorola of key trial exhibits simply because they refer to Irell.  The issue of Irell's reference in these was resolved with TiVo's Motion *In Limine* No. 1 and Motorola and TWC have agreed to redact any reference to Irell in these documents.  Therefore, the Court should deny TiVo's objection. |

| **Exhibits** | **TiVo's Objection** | **Motorola's and TWC's Response** |
|---|---|---|
| PX-0857; PX-1707; PX-2644; PX-2645; PX-2654 | OBJ06: Exhibits Subject To TiVo's Motion *In Limine* No. 9. | As described in Motorola and TWC's Response to TiVo's Motion *In Limine* No. 9 (Dkt. No. 432 at 15-17), the ReplayTV devices (PX-1707) and source code (PX-0857) and pertinent portions of PX-2644 and PX-2645) are admissible and relevant to Motorola and TWC's defenses in this case, including, e.g., invalidity, non-infringement, and existence of non-infringing alternatives. These exhibits have been authenticated by ReplayTV witnesses at deposition or will be authenticated at trial. PX-2654 is a magazine advertisement that is authentic due to its distinctive characteristics (i.e., the document's appearance, contents, substance, internal patterns, or other distinctive characteristics, taken together with all the circumstances, indicate that it is authentic). TiVo's objections to these exhibits go to questions of fact to be decided by the jury, not their admissibility.<br><br>Additionally, PX-2644 and PX-2645 comprise source code cited in Mr. Gray's and Dr. Rodriguez's expert reports and exhibits, including source code unrelated to ReplayTV. Thus, TiVo's objection is relevant only to those portions of PX-2644 and PX-2645 that relate to ReplayTV. |
| PX-1674; PX-1698; PX-1699; PX-1700; PX-1701; PX-1702; PX-1703; PX-1704; PX-1705; PX-1706; PX-2644; PX-2645 | OBJ07: Exhibits Subject To TiVo's Motion *In Limine* No. 10. | As described in Motorola and TWC's Response to TiVo's Motion *In Limine* No. 10 (Dkt. No. 432 at 18-26), the Grass Valley exhibits are admissible and relevant to Motorola and TWC's invalidity defenses in this case. These exhibits have already been authenticated by Grass Valley witnesses at deposition or will be authenticated at trial. TiVo's objections to these exhibits go to questions of fact to be decided by the jury, not their admissibility.<br><br>Additionally, PX-2644 and PX-2645 comprise source code cited in Mr. Gray's and Dr. Rodriguez's expert reports and exhibits, including source code unrelated to Grass Valley. Thus, TiVo's objection is relevant only to those portions of PX-2644 and PX-2645 that relate to Grass Valley. |
| PX-0087; PX-0162; PX-0291; PX-0294; PX-0295; PX-0296; PX-0297; PX-0298; PX-0299; PX-0300; PX-2644; PX-2645; PX-2653 | OBJ08: Exhibits Subject To TiVo's Motion *In Limine* No. 11. | As described in Motorola and TWC's Response to TiVo's Motion *In Limine* No. 11 (Dkt. No. 432 at 26), the Imedia exhibits are admissible and relevant to Motorola and TWC's invalidity defenses in this case. These exhibits have already been authenticated by Imedia witnesses at deposition or will be authenticated at trial. TiVo's objections to these exhibits go to questions of fact to be decided by the jury, not their admissibility. |

| Exhibits | TiVo's Objection | Motorola's and TWC's Response |
|---|---|---|
| | | Additionally, PX-2644 and PX-2645 comprise source code cited in Mr. Gray's and Dr. Rodriguez's expert reports and exhibits, including source code unrelated to Imedia. Thus, TiVo's objection is relevant only to those portions of PX-2644 and PX-2645 that relate to Imedia. |
| PX-0086; PX-0252; PX-0267; PX-0284; PX-1739 | OBJ09: Exhibits Subject To TiVo's Motion *In Limine* No. 12. | Motorola and TWC withdraw PX-0086.<br><br>PX-0252, PX-0267, PX-0284, and PX-1739 do not merely pertain to a confidentiality obligation between Yang and Imedia, as TiVo suggests. Rather these exhibits show that Yang met with Imedia and that Imedia shared its technology with Yang. These exhibits are directly relevant to Motorola's improper inventorship, unjust enrichment, and derivation claims.<br><br>Contrary to TiVo's objection, PX-0267, PX-0284, and PX-1739 do not even mention a confidentiality agreement. TiVo's reference to a confidentiality agreement and its Motion *In Limine* No. 12 are a thinly veiled guise to exclude highly relevant exhibits. Even if the Court grants TiVo's Motion *In Limine* No. 12, these exhibits are still admissible to show that Yang knew about Imedia's technology before the filing date of TiVo's patents-in-suit. |
| PX-0027; PX-0097; PX-0105; PX-0128; PX-0129; PX-0147; PX-0154; PX-0160; PX-0164; PX-0165; PX-0166; PX-0167; PX-0202; PX-0209; PX-0210; PX-0211; PX-0230; PX-0248; PX-0249; PX-0250; PX-1468; PX-1682-90; PX-2628-29; PX-2656-59 | OBJ10: Exhibits Subject To TiVo's Motion *In Limine* No. 13. | As described in Motorola and TWC's Response to TiVo's Motion *In Limine* No. 13 (Dkt. No. 432 at 28-29), each exhibit that TiVo objects to is relevant and should not be precluded. Motorola does not intend to use these exhibits as a defense to TiVo's claims of infringement. *First*, Motorola is entitled to provide the jury background information about its research and development work and its patent portfolio to establish that it is a technology leader in the field of digital video recording. *Second*, Motorola's patents and technology are relevant to TiVo's willfulness claim; that is, Motorola's good faith belief that, because it had its own patented inventions, it had a good faith basis for believing it was not infringing any other patents. *Third*, Motorola's patents are also relevant to any arguments that Motorola infringes TiVo's patents under the doctrine of equivalents, if the Court permits TiVo to make such arguments. For the same reasons discussed in Motorola and TWC's Response to TiVo's Motion, the Court should deny TiVo's objections to these exhibits. |
| PX-0061; PX-1676 | OBJ11: Untimely Produced | Motorola and TWC withdraw PX-0061 and PX-1676. Therefore, this objection is |

| Exhibits | TiVo's Objection | Motorola's and TWC's Response |
|---|---|---|
| | Redacted Broadcom Document And Declaration. FRE 403, 802, 901. | moot. |
| PX-1675; PX-2669 | OBJ12: Other Broadcom Declarations. FRE 802. | Motorola and TWC withdraw PX-1675 and PX-2669. Therefore, this objection is moot. |
| PX-0064; PX-0066; PX-1699; PX-2648; PX-2650 | OBJ13: Documents Never Produced and Devices Never Offered For Inspection. FRCP 26. | Motorola and TWC withdraw PX-0064, PX-0066, PX-2648, and PX-2650. However, PX-2648 and PX-2650 are withdrawn with the understanding that TiVo will not be allowed to demonstrate the operation of any TiVo product (e.g., TX-2539) for which it refused to allow Motorola and TWC to operate the device during inspection.<br><br>PX-1699 is one of three PDR200 devices that were offered for inspection on January 24, 2013. TiVo elected not to inspect the device until March 1, 2013. During the inspection, all three PDR200 devices were available, but only one device may be connected and operated at a time. TiVo requested that the other PDR200s be set up for inspection, but left without requesting that PX-1699 be set up. TiVo's request a second inspection on March 14, 2013, but did not request that PX-1699 be demonstrated at that inspection either. Thus, the device marked as PX-1699 has always been available for inspection, but TiVo has never asked for the device to be connected. |
| PX-1673 | OBJ15: Irrelevant And Prejudicial Email. FRE 402, 403, 802. | An inadvertent error resulted in the wrong document being provided to TiVo in place of PX-1673. Motorola and TWC have provided TiVo with a replacement copy of PX-1673 that matches the description in Motorola and TWC's exhibit list ("The National Academy of Television Arts & Sciences: The 64th Annual Technology & Engineering Emmy Awards") and was timely produced during discovery in this case. TiVo's objections to this exhibit are therefore moot. |
| PX-0024; PX-0030; PX-0031; PX-0032; PX-0033; PX-0825; PX-0829; PX-1010; PX-1409; PX-1452; PX-1453; PX-1458; PX-1459; PX-1679; PX-1691; PX-1822; PX-2529 | OBJ16: Alleged Prior Art Not Addressed In any Expert Report. FRCP 26. | Motorola and TWC withdraw PX-0024, PX-0030, PX-0031, PX-0032, PX-0033, PX-0825, PX-0829, PX-1010, PX-1409, PX-1452, PX-1679, PX-1691, and PX-1822.<br><br>TiVo's objections to the remaining exhibits are without merit. TiVo acknowledges that each of PX-1453, PX-1458, PX-1459, and PX-2529 were appropriately cited in Mr. Gray's expert report. These exhibits are relevant to |

| Exhibits | TiVo's Objection | Motorola's and TWC's Response |
|---|---|---|
| | | Motorola and TWC's defenses in this case and TiVo's objections go to the scope of testimony that Mr. Gray may offer at trial regarding these exhibits, not their admissibility. |
| PX-0252; PX-0257; PX-0260; PX-0265; PX-0266; PX-0267; PX-0270; PX-0272; PX-0273; PX-0275; PX-0276; PX-0277; PX-0279; PX-0282; PX-0283; PX-0284; PX-0286; PX-0287; PX-0289; PX-0290; PX-0291; PX-0294; PX-0295; PX-0296; PX-0297; PX-0298; PX-0299; PX-0300; PX-0692; PX-1672; PX-1739; PX-1927; PX-1928; PX-2625; PX-2653 | OBJ17: Unauthenticated, Hearsay "Imedia" Documents. FRE 802, 805, 901. | These documents are not unsupported hearsay. They are business records of regularly conducted activity kept in the ordinary course of Imedia's business, in electronic form. Fed. R. Evid. 803(6). Many of these documents are the original copies of documents that were later signed and sent. It was Imedia's practice to save the original document rather than to scan in the signed versions. These documents were stored on the Imedia backup drives which have been maintained since the late 1990's by one of the Imedia inventors. Consequently, they also have independent indicia of reliability. Fed. R. Evid. 807. While Imedia could have a witness travel from California to present testimony relating to how it backed up and saved its files, that is an unnecessary burden when there has been no legitimate challenge to the authenticity of the documents.<br><br>Moreover, presenting the documents to which TiVo objected does not violate the rule requiring original documents. For electronically stored information, "'original' means any printout or other output readable by sight if it accurately reflects the information." Fed. R. Evid.1001(d). Therefore, these printouts from electronic files meet the definition of originals. |
| PX-0971; PX-1030 | OBJ18: Unauthenticated, Hearsay "Imedia Website." FRE 802, 805, 901. | These are documents produced by TiVo in this litigation. The fact that Motorola did not produce them is irrelevant. The documents are not being offered to prove the truth of what they contain. Rather, they are being offered to prove TiVo had knowledge of the Imedia products. Therefore, they are not hearsay and their use is proper. |
| PX-0294 | OBJ19: Untimely Produced Imedia Schematic. FRCP 26. | PX-0294 contains schematics for Imedia's Home Video Server (HVS) in a .pdf format. TiVo does not claim that the original version of PX-0294 was untimely produced. TiVo only objects to the current version of PX-0294. TiVo fails to mention, however, that the current version of PX-0294 was produced in native format as MI-GI0118406 on October 4, 2011. The cover letter for the production of MI-GI0118406 clearly identifies it as containing Home Video Server (HVS) schematics.<br><br>The initial version of PX-0294 was produced in .pdf format as M-GI0108883 on |

| Exhibits | TiVo's Objection | Motorola's and TWC's Response |
|---|---|---|
| | | June 29, 2011. However, due to a printing error M-GI0108883 did not include all of the detail of M-GI0118406. Motorola and TWC later produced a corrected version of M-GI0108883. The corrected version of M-GI0108883 (the .pdf version) does not contain any information that is not in MI-GI0118406 (the native version). Thus, the current version of PX-0294 does not contain any information that TiVo has not had since October 4, 2011.<br><br>Because the .pdf and native versions contain the same information, TiVo's objection is without merit. Motorola and TWC should be permitted to use the .pdf version of the HVS schematics produced on October 4, 2011 (*i.e.*, the current version of PX-0294). In the alternative, Motorola and TWC should be permitted to use the native version of the HVS schematics produced on October 4, 2011. |
| PX-0037; PX-0038; PX-0039; PX-0040; PX-0041; PX-0042; PX-0043; PX-0764; PX-0855; PX-0857; PX-0973; PX-0974; PX-1673; PX-1707; PX-1960; PX-1961; PX-1962; PX-1967; PX-1968; PX-1970; PX-1971; PX-2654 | OBJ20: Unauthenticated, Hearsay "ReplayTV" Documents. FRE 802, 805, 901. | Motorola and TWC withdraw PX-0037, PX-0038, PX-0039, PX-0040, PX-0041, and PX-0042.<br><br>PX-1673 is a document relating to the 64th Annual Technology & Engineering Emmy Awards, and does not relate to ReplayTV. TiVo's authenticity and hearsay objections are directed to "ReplayTV Documents," and therefore do not apply to PX-1673.<br><br>TiVo's objections to the remaining exhibits are without merit, and go to questions of fact to be decided by the jury. PX-0043, PX-0764, PX-0855, PX-0857, PX-1707, PX-1960, PX-1961, PX-1962, PX-1967, PX-1968, PX-1970, and PX-1971 have been authenticated by ReplayTV witnesses at deposition or will be authenticated at trial. Whether DIRECTV, the successor-in-interest to ReplayTV, has any knowledge regarding the authenticity of these documents is irrelevant. Nor are these documents hearsay. They are business records of regularly conducted activity kept in the ordinary course of ReplayTV's business, or bear independent indicia of trustworthiness. Fed. R. Evid. 803(6), 807.<br><br>PX-0973 and PX-0974 are documents that were produced by TiVo in this case, and are also authentic based on their distinctive characteristics (i.e., the documents' appearance, contents, substance, internal patterns, or other distinctive characteristics, taken together with all the circumstances, indicate that they are authentic). Fed. R. Evid. 903(b). |

| Exhibits | TiVo's Objection | Motorola's and TWC's Response |
|---|---|---|
|  |  | PX-2654 is a magazine ad that is also authentic due to its distinctive characteristics. PX-2654 is not hearsay because it will not necessarily be offered for the purpose of showing what a ReplayTV DVR looked like. TiVo's hearsay objection is therefore unfounded. |
| PX-0072; PX-0073; PX-0074; PX-0075; PX-0076; PX-0077; PX-0078; PX-0080; PX-0081; PX-1652; PX-1653; PX-1654; PX-1655; PX-1656; PX-1657; PX-1658; PX-1659; PX-1660; PX-1674; PX-1698; PX-1699; PX-1700; PX-1701; PX-1703; PX-1704; PX-1705; PX-1706; PX-1719; PX-1977; PX-1978; PX-1979; PX-1981; PX-1982; PX-1984; PX-1985; PX-1986; PX-1987; PX-2663; PX-2673 | OBJ21: Unauthenticated, Hearsay "Grass Valley" Documents. FRE 802, 805, 901. | As described in Motorola and TWC's Response to TiVo's Motion *In Limine* No. 10, Grass Valley evidence is admissible and relevant to Motorola and TWC's invalidity defenses in this case. These exhibits have either already been authenticated by Grass Valley witnesses at deposition or will be authenticated at trial. These documents are not hearsay. Rather, they are business records of regularly conducted activity kept in the ordinary course of Grass Valley's business. Fed. R. Evid. 803(6). TiVo's objections to these exhibits go to questions of fact to be decided by the jury, not their admissibility. |
| PX-0828; PX-2663; PX-2673 | OBJ22: Irrelevant, Prejudicial, Hearsay Documents About Grass Valley. FRE 402, 403, 802, 805. | As described in Motorola and TWC's Response to TiVo's Motion *In Limine* No. 10, Grass Valley evidence is admissible and relevant to Motorola and TWC's invalidity defenses in this case. Additionally, to the extent TiVo offers any evidence or testimony of awards or recognition its own products have received, Motorola and TWC should be allowed to offer similar evidence of awards and/or recognition garnered by prior art Grass Valley products.<br><br>Nor are any of these exhibits hearsay. PX-2663 is a business record of regularly conducted activity kept in the ordinary course of Grass Valley's business, Fed. R. Evid. 803(6), while PX-0828 and PX-2673 each bear independent indicia of trustworthiness. Fed. R. Evid. 807. |
| PX-0940; PX-2624; PX-2627; PX-2630; PX-2631 | OBJ23: Deposition Transcripts Are Not Proper Trial Exhibits. FRCP 32. | Motorola and TWC withdraw PX-0940, PX-2624, PX-2627, PX-2630, and PX-2631.<br><br>Motorola and TWC reserve the right to present previously-designated testimony from these deposition transcripts to the extent the witnesses do not appear at trial. |

| **Exhibits** | **TiVo's Objection** | **Motorola's and TWC's Response** |
|---|---|---|
| PX-0962; PX-1668; PX-1669; PX-1713; PX-1719 | OBJ24: Improper Reference Materials. FRE 803(18) | Motorola and TWC withdraw PX-0962, PX-1668, PX-1669, PX-1713, and PX-1719. Therefore, this objection is moot. |
| PX-0944; PX-1490; PX-1720; PX-1721; PX-1722; PX-1723; PX-1995; PX-1997; PX-1998; PX-1999; PX-2003; PX-2004; PX-2005; PX-2006; PX-2007; PX-2008; PX-2009; PX-2010; PX-2011; PX-2012; PX-2013; PX-2014; PX-2019 | OBJ25: Improper Expert Reports Exhibits. FRE 802, 805. | Motorola and TWC withdraw PX-0944, PX-1490, and PX-2019.<br><br>Motorola and TWC have identified PX-1720, PX-1721, PX-1722, PX-1723, PX-1995, PX-1997, PX-1998, PX-1999, PX-2003, PX-2004, PX-2005, PX-2006, PX-2007, PX-2008, PX-2009, PX-2010, PX-2011, PX-2012, PX-2013, and PX-2014 for use as summaries of voluminous writings that cannot be conveniently examined in court. Fed. R. Evid. 1006. |
| PX-0656; PX-0964; PX-0965; PX-1064; PX-1629; PX-1630; PX-1632; PX-1671; PX-1718; PX-1994; PX-2677 | OBJ26: Irrelevant And Prejudicial Hearsay Articles and Analyst Reports. FRE 402, 403, 802, 805. | Motorola and TWC withdraw PX-1632, PX-1718, PX-964, PX-965, and PX-1671<br><br>PX-1629 and PX-1630 are case studies about TiVo published by MIT Technology Review and Harvard Business School, respectively. TiVo contends that Motorola intends to introduce these exhibits "merely for the bad things they say about TiVo." On the contrary, both case studies relate to consumer demand for TiVo's DVR products, an issue squarely implicated by TiVo's lost profits claims. Specifically, both case studies are directly relevant at least to demand for TiVo's patented technologies. For example, the Harvard Business School case study discusses the effectiveness of TiVo's marketing efforts to "chang[e] habits on a mass scale." Similarly, the MIT case study discusses the effectiveness of TiVo's advertising and sales efforts, including its efforts to convince "consumers that they should pay $9.95 per month – after purchasing the recording device – to watch content that they were already receiving anyway." These case studies are directly relevant to TiVo's claim that its patented technology drives demand for DVR. TiVo is also mistaken that these case studies are hearsay, at least because they are learned treatises or periodicals pursuant to FRE 803(18) and because they include party admissions by TiVo pursuant to FRE 801(d)(2).<br><br>PX-2677 is an article published by USA Today covering an interview with TiVo CEO and co-founder Michael Ramsay. TiVo's inclusion of numerous similar newspaper and magazine articles on its own exhibit list undermines its assertion that the article is inadmissible hearsay. Furthermore, the statements by Mr. Ramsay himself are admissions by a party opponent pursuant to FRE 801(d)(2). |

| Exhibits | TiVo's Objection | Motorola's and TWC's Response |
|---|---|---|
| | | PX-0656 contains articles regarding ReplayTV and is relevant to the issues of invalidity and non-infringing alternatives. TiVo's exhibit list includes several articles similar to PX-0656. If the Court grants TiVo's objection to PX-0656, the news reports and third party documents on TiVo's exhibit list should also be excluded.<br><br>With regard to the "analyst reports" identified by TiVo, TiVo's expert Dr. Trautman relies on similar documents, and in fact relies on one of the same exhibits that TiVo now seeks to exclude. *See* 2/15/2013 Trautman Report at 40 (citing PX-1064). Furthermore, TiVo's conclusory statement that these reports contain "complicated topics more appropriate for expert testimony" is an insufficient basis to sustain an objection to their admissibility. |
| PX-0859; PX-1210; PX-1274 | OBJ27: Documents Attributing Hearsay Statements to TiVo With Prejudicial Effect. FRE 403, 802, 805. | PX-0859, PX-1210, and PX-1274 are admissible and relevant to Motorola and TWC's defenses to TiVo's willful infringement allegations in this case. These exhibits are not hearsay. Rather, they are business records of regularly conducted activity kept in the ordinary course of Motorola's business, and may be offered for a purpose other than to prove the truth of the matters asserted by TiVo to be hearsay. Fed. R. Evid. 803(6). |
| PX-1633; PX-0819; PX-0820 | OBJ28: Irrelevant Motorola Deal With ReplayTV. FRE 402, 403. | Motorola and Time Warner Cable agree to withdraw PX-1633. With respect to PX-0819 and PX-0820, TiVo's assertion that the license agreement between Motorola and ReplayTV for DVR technology is meant to confuse and mislead the jury is without merit. Motorola's damages expert, Mark Hosfied, has explained in detail the comparability of the Replay-Motorola license agreement and the value of the technology that was licensed. Therefore, this agreement is highly relevant to the determination of a reasonable royalty. *See, e.g.*, 2/15/2013 Hosfield Opening Report at 34-36, 43; 3/7/2013 Hosfield Rebuttal Report at 82-84. TiVo's attempt to rebut the showing of comparability and value of the ReplayTV technology by citing isolated Motorola emails is, at most, a subject for cross-examination, not for exclusion. TiVo's request should be denied. |
| PX-0869; PX-2674; PX-2675; PX-2676 | OBJ29: Irrelevant Litigations With SONICblue. FRE 402, 403. | PX-869 is the Confidential Settlement Agreement dated November 4, 2002 settling TiVo's patent infringement litigation against ReplayTV and SONICblue. As TiVo concedes in its objection, TiVo initially asserted the '389 patent against the ReplayTV products nearly a year earlier, in January 2002. The agreement, |

| Exhibits | TiVo's Objection | Motorola's and TWC's Response |
|---|---|---|
| | | however, states that "this Agreement is not to be and shall ***never be construed or deemed to be an admission or concession of liability or culpability by the parties***." Thus, the agreement tends to establish that TiVo itself concluded that the ReplayTV products do not infringe the '389 patent. This issue— whether ReplayTV practiced TiVo's patented technology—is relevant to numerous issues in this litigation, including invalidity, non-infringement, and the availability of non-infringing alternatives.<br><br>PX-2674, PX-2675, and PX-2676 provide important foundation for the TiVo-SONICBlue settlement agreement. PX-2576 is TiVo's complaint against SONICblue and ReplayTV, and PX-2674 and PX-2676 are copies of dockets entries from that litigation. These documents will assist the jury's efforts to resolve pertinent issues regarding the ReplayTV products. Accordingly, TiVo's objection should be denied. |
| PX-2644; PX-2645; PX-2647; PX-2649; PX-2651; PX-2653 | OBJ31: Source Code | As Motorola and TWC informed TiVo, Motorola and TWC intend to bring a secure computer to trial containing all of the source code produced by Motorola and TWC, including the Imedia source code. Motorola and TWC understand that TiVo will also bring a secure computer to trial containing all of the source code produced by TiVo. Motorola and TWC understand that based on this agreement, the parties agree that this source code is admissible, and therefore, this objection is moot. |
| PX-0747 | Statement of royalty payments under non-comparable license agreements, unsupported by underlying data. Irrelevant hearsay. FRE 402, 403, 802, 805. | PX-0747 is a summary of royalties paid by Motorola for patent licenses on its integrated set top boxes. This exhibit was produced in accordance with Federal Rule of Civil Procedure 33(d) in response to TiVo's Interrogatory No. 12, which asked Motorola to "state [its] profits and revenue in dollars and units by product by month." TiVo's claim that PX-0747 is irrelevant is belied by its own request for this information, as well as the fact that its damages expert, Dr. Ryan Sullivan, relies on PX-0747—and the licenses referred therein—in his expert report. 2/15/2013 Expert Report of Ryan Sullivan at 102 fns 537-538, 540. Further, TiVo took advantage of the opportunity to explore the contents of PX-0747 during the deposition of a Motorola witness, Thomas Chester, but did not question any aspect of its accuracy. 1/23/2013 deposition of Thomas Chester at 213-16. TiVo's objection should be denied. |

| Exhibits | TiVo's Objection | Motorola's and TWC's Response |
|---|---|---|
| PX-2626 | Irrelevant Motorola technical document regarding streaming video products. Motorola has not offered expert analysis that video streaming products are alternatives to the TiVo patented technologies and such products are not at issue in this action. FRE 402. | PX-2626 is admissible and relevant to Motorola and TWC's defense of non-infringement of TiVo's '389 patent in this case. PX-2626 was appropriately cited in Mr. Gray's rebuttal expert report. *See* 2013-03-07 Rebuttal Report of S. Gray, at ¶¶ 509-513. TiVo's objection to this exhibit goes to questions of fact to be decided by the jury, not its admissibility, and TiVo has failed to identify any prejudice or risk of juror confusion that would result from its introduction. |
| PX-1003 | Unauthenticated document reflecting no author or other source information. FRE 901. | TiVo objects to PX-1003 arguing that it reflects no author or other source information. In his deposition in the EchoStar litigation, however, Michael Ramsay, former CEO of TiVo, testified that PX-1003 is a TiVo document, and that he created at least the first half of it. Mr. Ramsay also discussed the content of the exhibit during his deposition. 7/27/2005 Michael Ramsay Dep. Tr. at 258:2-278:8. Furthermore, in a July 26, 2005 letter to EchoStar's counsel (PX-1897, bates numbered TIVO-T259-ATT-00009090), Irell & Manella enclosed PX-1003, identified it as a TiVo document, and identified the dated email to which it was attached. TiVo's objection that an exhibit it produced and identified, and whose former CEO confirmed he wrote, should be overruled. |
| PX-2636 | Hearsay email reflecting hearsay within hearsay. FRE 802, 805. | PX-2636 reflects customer feedback and market research that is not hearsay. Rather, it is a business record of regularly conducted activity kept in the ordinary course of Motorola's business. Fed. R. Evid. 803(6). |