# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# TEXARKANA DIVISION

| | |
|---|---|
| MOTOROLA MOBILITY, INC. and GENERAL INSTRUMENT CORPORATION<br><br>        Plaintiffs,<br><br>vs.<br><br>TIVO INC.,<br><br>        Defendant.<br><br>TIVO INC.,<br><br>        Counterclaim Plaintiff<br><br>   v.<br><br>MOTOROLA MOBILITY, INC., GENERAL INSTRUMENT CORPORATION, TIME WARNER CABLE INC., and TIME WARNER CABLE LLC,<br><br>        Counterclaim Defendants. | Civil Action No. 5:11-00053-JRG<br><br><br>JURY TRIAL DEMANDED<br><br>**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY** |

# MOTOROLA AND TIME WARNER CABLE'S ADDITIONAL OBJECTIONS TO TIVO'S EXHIBITS

In addition to the objections raised in the parties' Joint Notice of Filing of Exhibit Objections and Explanations, Motorola and Time Warner Cable also submit the following additional objections to TiVo's Exhibits. TiVo has been notified of these objections, and has submitted a statement which is in the parties' Joint Notice.

| **TiVo's Exhibits** | **Motorola and Time Warner Cable's Objection Explanation** |
|---|---|
| 142, 653, 654, 2351, 239, 225[1] | **1. Exhibits relating to TiVo's prior and ongoing litigations: MIL No. 1, FRE 402/403, 802** <br> TiVo is attempting to create an inference of infringement in this case by introducing multiple exhibits relating to its past litigation with EchoStar and other prior cases.  Its list includes the EchoStar settlement agreement – which is subject to Plaintiffs' Motion in Limine No. 1 – as well as TiVo's complaint in its ongoing litigation adverse to Cisco. TiVo also seeks to introduce documents and emails discussing prior litigations between TiVo and third parties, such as AT&T and Verizon. <br><br> As discussed in Motorola and TWC's Motion *in Limine* No. 1, these exhibits should be excluded as irrelevant and unfairly prejudicial, and as inadmissible hearsay.  Fed. R. Evid. 402, 403, 802.  TiVo should not be allowed to substitute evidence of its prior claims of infringement for evidence on liability and damages in this case.  In particular, the admission of exhibits relating to the EchoStar litigation will severely prejudice to Motorola and Time Warner Cable by suggesting to the jury that they should reach a similar verdict here based on the earlier outcome in an unrelated case, rather than the evidence presented at trial. Additionally, TiVo should not be allowed to compound the unfair prejudice by not only introducing documents from prior litigations, but also third-party commentary about those earlier cases. |

---

[1]  Motorola and Time Warner Cable understand that TiVo withdrew exhibits TX-172, 318, and 106; however, those are objectionable for this reason as well.

| | |
|---|---|
| 156, 151, 175[2] | **8. Exhibits concerning cableCARD, tuning adapting, and switched digital video technology: FRE 402/403**<br>TiVo's exhibit list contains numerous documents regarding the development of cableCARD, tuning adaptor, and switched digital video technology that are not relevant to the parties' claims or defenses in this case. These documents include correspondence between TiVo, Motorola, and Time Warner Cable, as well as internal communications, regarding CableCARD, tuning adaptor and switched digital video technology. These documents are not relevant to infringement or invalidity in that they to not relate to the technology of the asserted patents or the accused functionality on any accused TiVo DVR. Likewise, the development of these technologies is not relevant to any issue relating to the parties' contentions on reasonable royalty or lost profits damages. Thus, these documents should be excluded as irrelevant and likely to cause unfair prejudice. |
| 155[3] | **10 (f) Documents regarding non-accused, third-party technology: FRE 402/403**<br>TiVo seeks to introduce a voluminous collection of documents relating to third party products, pricing, and financial data. These third parties include Comcast, Cox, Charter, Flextronics, DirecTV, ReplayTV, Verizon, SonicBLUE, Dish, and AT&T. These documents set forth information that is not relevant to any accused product in this case, and as such, are likely to confuse and mislead the jury on both liability and damages issues. |
| 157, 1211, 1212, 2332, 2299, 2348[4] | **(11) Irrelevant and Prejudicial Documents: FRE 402/40311**<br>TiVo seeks to introduce documents that are not relevant to the issues at dispute in this litigation and whose probative value is outweighed by the prejudice to Motorola and TWC. TX-284 and 2344 relate to unclaimed features of TiVo's DVR such as the user interface trick play functionality. TX-2330, TX-2331, TX-1211, TX-1212, TX-2332, TX-2299, and TX-2348 all relate to business negotiations between Motorola and TiVo on a potential business deal not relevant to any issue in this litigation. These documents discuss third party intellectual property rights that are not at issue in this litigation and likely to be confusing and misleading to the jury. |

---

[2] Motorola and Time Warner Cable understand that TiVo withdrew exhibits TX-2476 and 270; however, those are objectionable for this reason as well.

[3] Motorola and Time Warner Cable understand that TiVo withdrew exhibits TX-2325 and 148; however, those are objectionable for this reason as well.

[4] Motorola and Time Warner Cable understand that TiVo withdrew exhibits TX-284, 262, 2344, and 2330; however, those are objectionable for this reason as well.

Respectfully submitted,

By: /s/ *Jennifer Haltom Doan*

Jennifer Haltom Doan
Texas Bar No. 08809050
Stephen W. Creekmore, IV
Texas Bar No. 24080844
Shawn A. Latchford
Texas Bar No. 24066603
**HALTOM & DOAN**
6500 Summerhill Road
Crown Executive Center, Suite 100
Texarkana, TX 75503
Telephone: (903) 255-1000
Fax: (903) 255-0800
Email: jdoan@haltomdoan.com
Email: screekmore@haltomdoan.com
Email: slatchford@haltomdoan.com

Brian K. Erickson
Texas Bar No. 24012594
brian.erickson@dlapiper.com
Aaron Fountain
Texas Bar No. 24050619
aaron.fountain@dlapiper.com
**DLA PIPER LLP (US)**
401 Congress Avenue, Suite 2500
Austin, TX 78701-3799
Phone: 512.457.7000
Fax: 512.457.7001

John Allcock
john.allcock@dlapiper.com
Sean Cunningham
sean.cunningham@dlapiper.com
Erin Gibson
erin.gibson@dlapiper.com
**DLA PIPER LLP (US)**
401 B Street, Suite 1700
San Diego, CA 92101
Telephone: 619-699-2700
Facsimile: 619-699-2701

Lance Lee
Texas Bar No. 24004762
Attorney-at-Law
5511 Plaza Drive
Texarkana, TX 75503
Telephone: (903) 223-0276
Facsimile: (903) 233-0210
wlancelee@aol.com

Mark Mann
Texas Bar No. 12926150
**THE MANN FIRM**
300 West Main Street
Henderson, TX 75652
Phone (903)657-8540
Fax (903)657-6003
mm@themannfirm.com

Charles K. Verhoeven
charlesverhoeven@quinnemanuel.com
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
50 California Street
San Francisco, CA 94111
Telephone: (415) 875-660
Facsimile: (202) 538-8100

Edward J. DeFranco
eddefranco@quinnemanuel.com
Alexander Rudis
alexanderrudis@quinnemanuel.com
Matthew A. Traupman
matthewtraupman@quinnemanuel.com
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
51 Madison Ave 22nd Floor
New York, NY 10010
Telephone: 212-849-7246
Facsimile: 212-849-7100

Alan Lee Whitehurst
alanwhitehurst@quinnemanuel.com
Marissa Rachel Ducca
marissaducca@quinnemanuel.Com
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
1299 Pennsylvania Ave. NW, Suite 825
Washington, D.C. 20004
Telephone: (202) 538-8107
Facsimile: (202) 538-8100

**ATTORNEYS FOR PLAINTIFFS MOTOROLA MOBILITY LLC and GENERAL INSTRUMENT CORPORATION and COUNTERCLAIM DEFENDANTS TIME WARNER CABLE, INC. and TIME WARNER CABLE LLC**

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 4th day of June 2013, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3). Any other counsel of record will be served by a facsimile transmission and/or first class mail.

/s/ Jennifer Haltom Doan
Jennifer Haltom Doan

## CERTIFICATE OF CONFERENCE

I hereby certify that counsel have complied with the meet and confer requirement in Local Rule CV-7(h) and this Court's Orders, and this motion is opposed. Local counsel for Motorola, Time Warner Cable and TiVo met and conferred about the issues discussed herein over the last several weeks before May 28th, 2013 and through June 3, 2013. No agreement could be reached. These discussions have conclusively ended in an impasse, leaving the issue open for the court to resolve.

/s/ Jennifer Haltom Doan
Jennifer Haltom Doan