# Exhibit 3 to Exhibit A

Case 5:11-cv-00053-JRG Document 486-4 Filed 06/04/13 Page 1 of 4 PageID #: 23079

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | |
|---|---|
| MOTOROLA MOBILITY INC. and GENERAL INSTRUMENT CORPORATION,<br><br>Plaintiffs,<br><br>v.<br><br>TIVO INC.,<br><br>Defendant. | Civil Action No. 5:11-00053-JRG |
| TIVO INC.,<br><br>Counterclaim Plaintiff,<br><br>v.<br><br>MOTOROLA MOBILITY, INC., GENERAL INSTRUMENT CORPORATION, TIME WARNER CABLE INC., and TIME WARNER CABLE LLC,<br><br>Counterclaim Defendants | EXPERT REPORT ON INVALIDITY<br><br>by<br><br>Dr. Jeffrey J. Rodriguez<br><br>**HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY – SOURCE CODE** |

_____
Jeffrey J. Rodriguez, Ph.D.

February 15, 2013
San Diego, California

i

component video encoding is often used in conjunction with a serial digital video interface, resulting in *serial component video*.

44.  *Genlock* ("generator locking") is a technique for synchronizing multiple video sources. A genlock signal from a signal generator may be used as the common sync signal for this purpose. In applications with unequal path delays, a genlock signal ensures that multiple video streams are delivered appropriately.

C.  **Analysis of the Priority Date of the '195 Patent**

45.  The '195 Patent was filed on Nov. 26, 2001, issued on Sept. 14, 2004 and names James M. Barton as the sole inventor. The '195 Patent is a continuation of the patent application that later issued as U.S. Patent No. 6,327,418, which was filed on April 3, 1998, which itself claims the benefit of the filing date of provisional application no. 60/061,693, which was filed on Oct. 10, 1997.

46.  The title of the '195 Patent is "Method and Apparatus Implementing Random Access and Time-Based Functions on a Continuous Stream of Formatted Digital Data."

47.  My understanding is that the conception of the subject matter disclosed in the '195 Patent is no earlier than Oct. 10, 1997, which is the filing date of the parent provisional application.

48.  I understand that, in determining whether a prior art reference is prior art to a patent, one may need to determine when the named inventors of the patent conceived of the subject matter disclosed in the patent and whether they or their attorneys worked reasonably diligently in reducing it to practice. My understanding is that conception is the formation, in the mind of the named inventor, of a definite and permanent idea of a complete and operative invention, as it is to be applied in practice. I understand that the test for conception is whether

**HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY – SOURCE CODE**

119. I understand that TiVo contends that the following TiVo products practice or practiced each asserted claim of the '195 Patent: Series1, Series2, Series2 DT, Series3 HD, TiVo HD, TiVo HD XL, TiVo Premiere, TiVo Premiere XL, and Comcast DVR with TiVo. TiVo's 1/7/13 Amended Initial Disclosures of Asserted Claims and Amended Infringement Contentions, p. 8. I also understand that whether a patentee's own products practice an asserted patent can be evidence of the commercial success that the asserted patent has enjoyed.

120. Other than this conclusory statement, TiVo has not specified any basis for its claim that its products have practiced or do practice each asserted claim of the '195 Patent.

121. However, during a previous litigation, *Pause Technology LLC v. TiVo Inc.*, 01-cv-11657 PBS (D. Mass.), TiVo was accused of infringing U.S. Reissue Patent No. RE36,801 to Logan et al. ("Logan"). Logan discloses a device, employing a circular buffer, and method for broadcast recording and playback. While viewing pre-recorded programs, the viewer may pause, advance, rewind, and zap commercials. An incoming video signal passes through a switching node and then is cached in the dual-ported RAM before passing to the decompressor.

122. In support of TiVo's motion for summary judgment of non-infringement, which was later granted and affirmed by the U.S. Court of Appeals for the Federal Circuit, *Pause Technology LLC v. TiVo Inc.*, 419 F.3d 1326 (Fed. Cir. 2005), the named inventor of the '195 Patent, James Barton testified by declaration that: "TiVo DVRs running software versions 2.0 and above use a 'multi-part recording design' for their live TV cache. The multi-part recording design allocates blocks of memory, called 'recording parts,' to store the incoming program data. A collection of these recording parts make up the live TV cache." Declaration of James Barton, TIVO-T53-MOT-0066976 at 78 (¶4).

HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY – SOURCE CODE