# Exhibit 4 to Exhibit A

Page 1

```
 1         IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF TEXAS
 2                  TEXARKANA DIVISION
   _____
 3                              )
   MOTOROLA MOBILITY, INC.,     )
 4 and GENERAL INSTRUMENT       )
   CORPORATION,                 )
 5                              )
       Plaintiffs,               )
 6                              ) No. 5:11-cv-00053-JRG
       vs.                       )
 7                              )
   TIVO INC.,                   )
 8                              )
       Defendant.                )
 9 _____)
                                 )
10 TIVO INC.,                   )
                                 )
11     Counterclaim Plaintiff,  )
                                 )
12     vs.                       )
                                 )
13 MOTOROLA MOBILITY, INC.,     )
   GENERAL INSTRUMENT           )
14 CORPORATION, TIME WARNER     )
   CABLE INC., and TIME WARNER  )
15 CABLE LLC,                   )
                                 )
16     Counterclaim Defendants. )
   _____)
17
      HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY
18
         VIDEOTAPED DEPOSITION OF ADAM S. TOM
19
              San Francisco, California
20
              Friday, February 1, 2013
21
                     Volume I
22
   Reported by:
23 SUZANNE F. BOSCHETTI
   CSR No. 5111
24
   Job No. CS1601140
25 PAGES 1 - 132
```

Page 2

```
 1         IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF TEXAS
 2                  TEXARKANA DIVISION
   _____
 3                              )
   MOTOROLA MOBILITY, INC.,     )
 4 and GENERAL INSTRUMENT       )
   CORPORATION,                 )
 5                              )
       Plaintiffs,               )
 6                              ) No. 5:11-cv-00053-JRG
       vs.                       )
 7                              )
   TIVO INC.,                   )
 8                              )
       Defendant.                )
 9 _____)
                                 )
10 TIVO INC.,                   )
                                 )
11     Counterclaim Plaintiff,  )
                                 )
12     vs.                       )
                                 )
13 MOTOROLA MOBILITY, INC.,     )
   GENERAL INSTRUMENT           )
14 CORPORATION, TIME WARNER     )
   CABLE INC., and TIME WARNER  )
15 CABLE LLC,                   )
                                 )
16     Counterclaim Defendants. )
   _____)
17
18      Highly Confidential, Outside Attorneys'
19 Eyes Only Videotaped Deposition of ADAM S. TOM,
20 Volume I, taken on behalf of Plaintiffs Motorola
21 Mobility, Inc., et al., at 555 Mission Street, Suite
22 2400, San Francisco, California, beginning at 10:07
23 a.m. and ending at 1:40 p.m., on Friday, February 1,
24 2013, before SUZANNE F. BOSCHETTI, Certified
25 Shorthand Reporter No. 5111.
```

Page 3

```
 1 APPEARANCES:
 2
 3 For Plaintiffs and Counterclaim Defendants:
 4    DLA Piper LLP (US)
 5    BY:  AARON FOUNTAIN, ESQ.
 6    401 Congress Avenue, Suite 2500
 7    Austin, Texas 78701-3799
 8    (512) 457-7000
 9    Aaron.fountain@dlapiper.com
10
11 For Defendant and Counterclaim Plaintiff:
12    IRELL & MANELLA LLP
13    BY:  RICHARD M. BIRNHOLZ, ESQ.
14    1800 Avenue of the Stars, Suite 900
15    Los Angeles, California 90067
16    (310) 277-1010
17    Rbirnholz@irell.com
18
19 Videographer:
20    BART REIS, Veritext
21
22
23
24
25
```

Page 4

```
 1              INDEX
 2 WITNESS:         EXAMINATION           PAGE
 3 ADAM S. TOM
   Volume I
 4
           BY MR. FOUNTAIN            9
 5
           BY MR. BIRNHOLZ           38
 6
 7           EXHIBITS
 8 NO.         DESCRIPTION             PAGE
 9 Exhibit 1   Imedia Corporation        12
             Memorandum to J. Heller,
10           et al., November 11, 1994,
             Bates Nos. M-GI0101675 -
11           676
12 Exhibit 2   Imedia Corporation Home   13
             Video Server Product
13           Definition, Bates Nos.
             M-GI0101185 - 200
14
   Exhibit 3   Letter to Jeff Yang,      15
15           December 13, 1994, Bates
             Nos. M-GI10101243
16
   Exhibit 4   Executive Summary, April  18
17           1994, Bates Nos. I&M 02545
             - 02546
18
   Exhibit 5   Forwarded email from      19
19           atom@jungle.imedia.com
             January 25, 1995, Bates
20           Nos. M-GI0102130
21 Exhibit 6   Faxed Confidential         21
             Nondisclosure Agreement to
22           Robert Strawbrizh, 8/4/94,
             Bates Nos. I&M 02440 -
23           02443
24
25
```

Page 21

1    "In the interim, I will fax a copy of
2    our Firm's references as well as some
3    comments on the non-disclosure"?
4    A   I do.
5    Q   Prior to this email, had you sent Geoff
6    Yang a nondisclosure agreement?
7        MR. BIRNHOLZ:  Objection.  Form.
8        THE WITNESS:  I -- it was -- it was
9    customary for us to do that, so -- and it looks like
10   I did because he says that he will fax a copy of
11   their firm's references to us and his comments on
12   our nondisclosure.
13       (Deposition Exhibit 6 marked by the court
14       reporter.)
15   BY MR. FOUNTAIN:
16   Q   Mr. Tom, you've been handed a document
17   marked Exhibit 6 bearing a Bates No. I&M 02440.
18       Do you recognize Exhibit 6?
19   A   Yes.
20   Q   What is Exhibit 6?
21   A   It is a facsimile from me to our IP counsel
22   at Irell & Manella whose name is Robert Strawbrich
23   and it's dated August 4th, 1994.  And what it is is
24   I am sending to Robert a copy of our NDA for him to
25   look at and to -- to talk about and get his comments

Page 22

1    on.
2    Q   And is this the NDA -- strike that.
3        How many NDA's did Imedia use in its
4    business?
5        MR. BIRNHOLZ:  Objection, form.
6        THE WITNESS:  We would have had one NDA
7    that we would use.
8    BY MR. FOUNTAIN:
9    Q   And was that NDA the result of -- strike
10   that.
11       Did that NDA come out of this document plus
12   the revisions made with counsel?
13       MR. BIRNHOLZ:  Objection to form.  Calls
14   for speculation.  No foundation.
15       THE WITNESS:  So Irell & Manella was our IP
16   counsel, and we would have had them create our --
17   our NDA, because that dealt with intellectual
18   property.
19   BY MR. FOUNTAIN:
20   Q   And was that NDA shared with potential
21   investors?
22   A   It was.
23       MR. BIRNHOLZ:  Objection to form.  No
24   foundation.
25       THE WITNESS:  Yes, we shared our NDA with

Page 23

1    potential investors.  It was our practice then to
2    have them sign them.
3        MR. BIRNHOLZ:  I'll also interpose a motion
4    to strike the testimony as nonresponsive.
5        (Deposition Exhibit 7 marked by the court
6        reporter.)
7    BY MR. FOUNTAIN:
8    Q   Mr. Tom, was it your practice to have
9    potential investors sign an NDA?
10       MR. BIRNHOLZ:  Objection.  Leading.
11       THE WITNESS:  Yes, it was.
12   BY MR. FOUNTAIN:
13   Q   You've been handed a document marked as
14   Exhibit 6 bearing Bates Nos. M-GI0101244.
15   A   It's Exhibit 7 is what I have.
16   Q   My mistake.  Exhibit 7 bearing Bates Nos.
17   M-GI0101244.
18       Mr. Tom, do you recognize Exhibit 7?
19   A   I do.
20   Q   What is Exhibit 7?
21   A   It's a letter from me to Geoff Yang at IVP
22   dated February 1st, 1994, though that year I believe
23   is wrong.  And it's a letter from me to Geoff saying
24   that here -- I was giving him a copy of the slides
25   that we presented to him, and two original copies of

Page 24

1    our NDA -- in the letter I call it a Confidential
2    Disclosure Agreement, but it's the same thing --
3    with the changes that he requested.  And I signed
4    both of them.
5        MR. BIRNHOLZ:  I'm going to object to the
6    testimony to the extent the document has been
7    mischaracterized and it was not read.
8    BY MR. FOUNTAIN:
9    Q   Back up to the date.  I believe you
10   testified that you believe the date was wrong.  Why
11   is that?
12   A   Because on February 1st, 1994, we were
13   still working at General Instrument, and we had not
14   formed Imedia Corporation yet, so I would not have
15   sent this at that time.  Also we had -- we had made
16   contact with IVP at the end of 1994, beginning of
17   1995.  And I recall that we -- we met with IVP
18   sometime in the early part of 1995, so I believe
19   that this document should be February 1st, 1995,
20   which would make sense.
21   Q   In the first sentence of the opening
22   paragraph of the letter where it states:
23       "And two original copies of Imedia's
24       Confidential Disclosure Agreement with the
25       changes that you requested" --